UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2003 DEC 16 P 2: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PAUL T. AQUINO,<br>            Plaintiff,<br><br>v.<br><br>PACESETTER ADJUSTMENT COMPANY,<br>            Defendant. | CIVIL ACTION NO.<br><br>**03-40285** |

## NOTICE OF REMOVAL

The defendant, Pacesetter Adjustment Company ("Pacesetter"), hereby notices the removal of the following described action from the District Court Department, Clinton Division of Worcester County, Commonwealth of Massachusetts ("State Court"), to the United States District Court for the District of Massachusetts ("District Court"), as authorized by 28 U.S.C. § 1441, et seq. Pacesetter respectfully submits the following grounds for removal:

I.

The plaintiff, Paul T. Aquino ("plaintiff") filed suit against Pacesetter on November 13, 2003, in a suit entitled Paul T. Aquino vs. Pacesetter Adjustment Company, Civil Action No.: 0368CV0577, in the District Court Department, Clinton Division of Worcester County, Commonwealth of Massachusetts ("State Court action"). A copy of the plaintiff's Complaint ("Complaint") is attached hereto as Exhibit A.

II.

Pacesetter was served with a copy of the Complaint and Summons on November 17, 2003. Pacesetter has not yet filed an Answer to the Complaint. Pacesetter has not been served with any other pleadings or orders in the State Court action.

FILING FEE PAID:
RECEIPT # _____
AMOUNT $ _____
BY DPTY CLK _____
DATE _12-16-03_

21514.1

III.

Pacesetter was served with a copy of the Complaint on November 17, 2003, and this Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446 (b).

IV.

The Complaint seeks an unspecified amount of damages from Pacesetter alleging that Pacesetter misrepresented pertinent facts or insurance policy provisions relating to insurance coverage at issue in an underlying case and that such actions constitute unfair claim settlement practices under Massachusetts General Law, c. 176D, § (9)(a).  The plaintiff claims that this is a violation of Massachusetts General Law, c. 93A.  The nature of the plaintiffs' allegations are clearly stated in the Complaint, attached hereto as Exhibit A.  Pacesetter denies any and all liability on its part for the plaintiff's claims, and has valid defenses thereto.

V.

The captioned District Court sits in the district and division embracing the place where the State Court action is pending.

VI.

The District Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  The plaintiff is a citizen of Massachusetts, residing in the Town of Worcester, County of Worcester, Commonwealth of Massachusetts.  Pacesetter is a corporation duly organized and existing under the laws of Louisiana, with a principal place of business in Baton Rouge, Louisiana. The amount in controversy, in the event that the plaintiff was to prevail on his claim, exceeds $75,000 exclusive of interest and costs.  The plaintiff seeks unspecified actual and compensatory damages in his Complaint.  However, in his Complaint and c. 93A letter attached to the Complaint, in addition to actual damages, the plaintiffs is seeking punitive

21514.1

2

damages of either two or three times the amount of the judgment in the underlying case ($184,722.62) and attorneys fees.

## VII.

Pursuant to 28 U.S.C. § 1332 (a), the District Court has original jurisdiction over all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and which are between citizens of a state and citizens or subjects of a foreign state. Pursuant to 28 U.S.C. § 1332 (c) (1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. Therefore, the District Court has original jurisdiction under 28 U.S.C. 1332, and this action may be removed from the State Court pursuant to 28 U.S.C. § 1441 (a) and (b).

## VIII.

Pacesetter is the only defendant in this matter.

## IX.

A list of all counsel of record is attached hereto as Exhibit B. An index of all matters being filed herewith is attached hereto as Exhibit C.

## X.

Promptly after filing this Notice of Removal of the State Court action, Pacesetter will give written notice of such filing to the plaintiff, and will file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

WHEREFORE, the defendant, Pacesetter Adjustment Company, prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, that the District Court enter such orders and issue such process as may be proper to bring before it copies of all

21514.1

records and proceedings in said State Court action, and thereupon proceed with this civil action as if it had originally been commenced in the District Court.

SO NOTICED this 16h day of December, 2003.

Respectfully Submitted,
Pacesetter Adjustment Company,
By its attorneys,


Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300


### CERTIFICATE OF SERVICE

I, Geoffrey M. Coan, hereby certify that I have this 16th day of December, 2003, served a copy of the foregoing to:


John F. Keenan, Esquire
390 Main Street
Worcester, MA 01608


Geoffrey M. Coan

21514.1



# Trial Court of Massachusetts

## DISTRICT COURT DEPARTMENT
## CLINTON DIVISION

WORCESTER, ss

PAUL T. AQUINO

VS.

PACESETTER ADJUSTMENT COMPANY

Civil Action No. 0368CV0577

### SUMMONS
(Rule 4)

To defendant Pacesetter Adjustment Company of 8549 United Plaza Blvd.,Ste.301,
                            (name)                                    (address)Baton Rouge,LA

You are hereby summoned and required to serve upon John F. Keenan, Esq. , plaintiff('s attorney), whose address is 390 Main Street, Worcester, MA 01608 , a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS ____ Martha S. Brennan _____ , Presiding Justice, on November 13, 2003
                                                                                    (date)
(SEAL)

Clerk-Magistrate

Note:   (1)   When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
        (2)   The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____ , I served a copy of the within summons, together with a copy of the
         (date of service)

complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

_____
(signature)

_____
(name and title)

_____
(address)

Note:   (1)   The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service.  Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
        (2)   Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
        (3)   If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                          DISTRICT COURT DEPARTMENT
                                        CLINTON DIVISION
                                        CIVIL ACTION
                                        NO.    0368CV0577

PAUL T. AQUINO              )
                            )
VS.                         )           COMPLAINT
                            )
PACESETTER ADJUSTMENT       )
COMPANY                     )


    1.  Plaintiff is a resident of Worcester, Worcester County, Massachusetts.

    2.  Defendant is an insurance claim adjuster for Ace Fire Underwriters Insurance Company (hereinafter "Ace") with its main office at 8549 United Plaza Boulevard in Baton Rouge, Louisiana.

    3.  On and before July 12, 2000 March Taxi, Inc. was insured with Ace for bodily injury liability coverage under a Massachusetts Business Auto Policy.

    4.  On July 12, 2000 Plaintiff was severely injured in a motor vehicle accident in Worcester, Massachusetts with a motor vehicle owned by March Taxi, Inc. and insured with Ace.

    5.  After trial in the East Brookfield Division of the District Court Department of the Trial Court of Massachusetts, Plaintiff recovered judgment on February 21, 2003 against March Taxi, Inc. in the sum of $161,125.00 plus interest in the amount of $21,347.96 and costs in the amount of $236.70 for a total judgment of $182,709.66.

    6.  Execution in the amount of $184,722.62 issued on March 21, 2003.

    7.  Defendant's agent's misrepresentations as to coverage were as follows:

    a)  In response to Plaintiff's attorney's request for production of copies of the coverage selections pages of all insurance agreements including umbrella and excess policies, Defendant's agent supplied a coverage page reflecting only $100,000.00 in coverage.

b) By letter dated March 12, 2003 Defendant's attorney represented to Plaintiff's attorney that the coverage was $100,000.00.

c) By letter dated March 26, 2003 Defendant's agent represented to Plaintiff's attorney that the coverage limit was $100,000.00 with a then current remaining balance of $95,855.52.

d) By letter dated April 9, 2003 Defendant's agent represented to Plaintiff's attorney that there was $95,855.52 remaining on the policy limit.

e) By letter dated April 21, 2003 Defendant's agent represented to Plaintiff's attorney that there was no separate coverage for property damage liability.

f) Defendant's agent stated by phone to Plaintiff's attorney on March 27, 2003 that it was unlikely that a cab company would have excess coverage.

8. In fact, there was an excess policy with General Star Insurance Company over and above Defendant's $100,000.00 policy and there was separate property damage coverage on Defendant's policy.

9. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue is an unfair claim settlement practice under M.G.L. c. 176D s. (9)(a) and, therefore, a violation of M.G.L. c. 93A.

10. On July 21, 2003 Plaintiff's attorney mailed a letter to Defendant pursuant to M.G.L. c. 93A s. 7 demanding settlement in the amount of $365,419.32, which is double the judgment in the underlying civil action, plus attorney's fees of $60,000.00 (Exhibit 1).

11. Defendant responded by letter dated August 13, 2003 declining payment (Exhibit 2).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. For actual damages plus costs.

2. In an amount of up to three but not less than two times the amount of Plaintiff's actual damages if the Court finds that the use or employment of the act or practice was a

wilful or knowing violation of Section 2 of Chapter 93A, or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said Section 2 of Chapter 93A.

3.  For reasonable costs and attorney's fees incurred by the Plaintiff in prosecuting this claim.

By his attorney,

JOHN F. KEENAN
390 Main Street
Worcester, MA 01608
(508) 791-8181
BBO#264000

Dated:

*Wolfson, Keenan, Cotton & Meagher*
*Attorneys at Law*

EACH ATTORNEY IN THIS OFFICE IS AN
INDEPENDENT PRACTITIONER WHO IS NOT
RESPONSIBLE FOR THE PRACTICE OR THE
LIABILITY OF ANY OTHER ATTORNEY IN
THE OFFICE

*Suite 1000*
*390 Main Street*
*Worcester, Massachusetts 01608-2575*

JACK L. WOLFSON, P.C.
JOHN F. KEENAN
DANIEL I. COTTON
ANDREW C.J. MEAGHER
LAWRENCE E. COHEN
PAUL J. DEMOGA
MICHAEL J. MICHAELES
CHRIS C. FUHRMANN
BARBARA J. KATZENBERG

TELEPHONE 508-791-8181
TELECOPIER 508-792-0832

July 1, 2003

Pacesetter Adjustment Company
8549 United Plaza Blvd. No. 301
Baton Rouge, LA  70809-0206

Re:    Insured: March Taxi Inc.
       Date of Loss:  July 12, 2000
       My Client:  Paul Aquino
       Claim No. ACET-J-20-09008

Dear Sir/Madam:

This letter is intended as a demand for relief under Massachusetts General Laws Chapter 93A which provides for multiplication of a judgment up to three but not less than two times, plus reasonable attorney's fees and costs, where there has been an unfair claim settlement practice under Massachusetts General Laws Chapter 176D.  Section (9)(a) of that Act includes "Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue" as an unfair claim settlement practice.  The underlying judgment in this case totalled $182,709.66 following a trial in the East Brookfield Division of the District Court Department of the Commonwealth of Massachusetts.

Your representatives' misrepresentations as to coverage include the following:

1.  In response to my production request for copies of the coverage selections pages of all insurance agreements including umbrella and excess policies, I was supplied with a coverage page from your company through your attorney reflecting only $100,000.00 in coverage (Exhibit A).

2.  The March 12, 2003 letter from your attorney representing a $100,000.00 coverage limit (Exhibit B).

3.  The March 26, 2003 letter from your president/claims representative stating a $100,000.00 coverage limit with a $95,855.52 remaining balance (Exhibit C).

Exhibit 1

Pacesetter Adjustment Company
July 1, 2002
Page 2 -


        4.   The March 27, 2003 verbal representation by your
president/claims representative that it is unlikely that a
cab company would have excess coverage.

        5.   The April 9, 2003 letter from your president/claims
representative stating that there was $95,855.52 remaining on the
policy limit (Exhibit D).

        6.   The April 21, 2003 letter from your president/claims
representative stating that there is no separate coverage for
property damage liability in this case (Exhibit E).

        In fact, there was an excess policy with General Star
Indemnity Company over and above your policy and there was separate
property damage coverage on your policy.  In view of the fact that
these misrepresentations relative to coverage were made, I am
hereby submitting a demand for multiplication of damages to the
additional amount of Three Hundred Sixty-Five Thousand Four
Hundred Nineteen and 32/100 ($365,419.32) dollars plus attorney's
fees of Sixty Thousand ($60,000.00) dollars.

                              Very truly yours,



                              JOHN F. KEENAN

---

| **SENDER: COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X *Linda Adams*  ☐ Agent  ☐ Addressee <br> B. Received by ( Printed Name) *Linda Adams*   C. Date of Delivery 7/3/03 <br> D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to: <br><br> Pacesetter Adjustment Co. <br> 8549 United Plaza Blvd. <br> No. 301 <br> Baton Rouge, LA 70809-0206 | |
| | 3. Service Type <br> ☒ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> (Transfer from service label)   7001 1940 0004 9704 3683 | |

PS Form 3811, August 2001            Domestic Return Receipt                 102595-02-M-1540

EXHIBIT A

SEP. 20. 2002  2:20PM   STONE_INSURANCE    NO. 669  P. 2

Agent : Stone Insurance Agency

Coverage is in the Company designated below by "X"

| X | ACE FIRE UNDERWRITERS INSURANCE CO. |

Policy No. ____CSA5000U____

DECLARATIONS MASSACHUSETTS BUSINESS AUTO COVERAGE FORM

ITEM ONE. NAMED INSURED & ADDRESS

March Taxi, Inc.
8 Jonathon Avenue

Millbury, MA 01527

Renewal of    NEW

| X | The Declarations include a second part designated Part 2

FEIN #    04-3144572

POLICY PERIOD: Policy covers FROM    1/17/01    TO    1/1701    12:01 A.M. Standard Time at the Named insured's address stated above

IN RETURN FOR THE PAYMENT OF THE PREMIUM AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS

| COVERAGES | COVERED AUTOS | THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | | PREMIUM |
|---|---|---|---|---|
| COMPULSORY BODILY INJURY | 7 | $20,000 EACH PERSON $40,000 EACH ACCIDENT | | $8,268 |
| PERSONAL INJURY PROTECTION | 7 | $8,000 EACH PERSON | | $2,032 |
| LIABILITY INSURANCE | | | EACH PERSON EACH ACCIDENT | $4,132 |
| OPTIONAL BODILY INJURY | | $100,000 | COMBINED SINGLE LIMIT | |
| PROPERTY DAMAGE (COMPULSORY LIMIT $5,000) | 7 | $100,000 | COMBINED SINGLE LIMIT | $2,748 |
| AUTO MEDICAL PAYMENTS INSURANCE | | | EACH PERSON | $0 |
| UNINSURED MOTORISTS | 7 | $50,000 $100,000 | EACH PERSON EACH ACCIDENT | $272 |
| (COMPULSORY LIMITS $20,000/$40,000) | | | | |
| UNDERINSURED MOTORISTS | 7 | $50,000 $100,000 | EACH PERSON EACH ACCIDENT | $148 |
| PHYSICAL DAMAGE INSURANCE | | ACTUAL CASH VALUE OR | DEDUCTIBLE FOR EACH COVERED AUTO | $ |
| COMPREHENSIVE COVERAGE | | COST OF REPAIR | DEDUCTIBLE FOR EACH COVERED AUTO | $ |
| SPECIFIED CAUSES OF LOSS COVERAGE | | WHICH EVER IS | DEDUCTIBLE FOR EACH COVERED AUTO | $ |
| COLLISION COVERAGE | | LESS MINUS | DEDUCTIBLE FOR EACH COVERED AUTO | $ |
| LIMITED COLLISION | | | | $ |
| LOSS OF USE RENTAL REIMBURSEMENT | | Up to $ Up to $ | | $ |
| TOWING AND LABOR | | $ | for each disablement of a private auto | |

FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT TIME OF ISSUE ON #61-0038, CA0001 (12/93), M.Lines 11 (07/94),    ORIGINAL
IL0017 (11/85),CA9917(12/99),CA2402(12/90),M.Lines11(07/95),M&P(1/99)

PREMIUM FOR ENDORSEMENTS
ESTIMATED TOTAL PREMIUM    $17,600

ENDORSEMENT ATTACHED TO THIS POLICY: IL0021 11 85 Broad Form Exclusion (Not Applicable in New York)

Billing & Other

Countersigned    By

Authorized Representative

2213349 04/94 Includes copyrighted material of Insurance Services Office, Inc. with its permission Copyright Insurance Services Office Inc. 1990

EXHIBIT B

**MILTON, LAURENCE & DIXON**
100 Front Street, Suite 1510
Worcester, Massachusetts 01608-1430
508-791-6386
FAX: 508-799-4879
TTY: 508-755-2540
mldlaw.com

GERARD R. LAURENCE
CHARLES W. DIXON
PAUL P. O'CONNOR
KAREN A. LOUGHLIN
DANIEL M. WRENN

JENNIFER A. KILBANE

STANLEY B. MILTON
1924-1992

ROBERT C. MILTON
1922-1977

March 12, 2003

John F. Keenan, Esquire
Wolfson, Keenan, Cotton & Meagher
390 Main Street, Suite 1000
Worcester, MA 01608

    RE:  Paul T. Aquino vs March Taxi, Inc.
         and Eric Coleman
         No. 0269 CV 0014
         OUR FILE # 235

Dear Mr. Keenan:

    Following up on our discussion this morning on this case, it does appear that the amount of coverage is $100,000. I am enclosing a copy of the coverage confirmation sheet which I believe we had earlier provided with our responses to production of documents. Under those circumstances I assume that you would settle the case for the amount of the policy. Let me know if your position is any different. I will contact the insurer to recommend payment of that amount in return for a release of the insureds.

                    Sincerely Yours,

                    Gerard R. Laurence

GRL/llj
Enc.
BY FAX ONLY

EXHIBIT C



**Adjustment Company**

P.O. Box 41186 ...on Rouge, LA 70835
Twelve United Plaza
8549 United Plaza Blvd. Suite 301
Baton Rouge, LA 70809

*Claim Managers and Administrators*                    (225) 293-2492          FAX (225) 291-3968

March 26, 2003

Mr. John Keenan
Attorney at Law
390 Main Street, Suite 1000
Worcester, MA  01608-2575

Fax No:  508-792-0832

Re:     Claim No:  ACET-J-20-09008
        Insured:  March Taxi
        Claimant:  Paul Aquino
        D/L:  7-12-00

Dear Mr. Keenan:

We have a $100,000 CSL limit of coverage provided to the named insured, March Taxi.
We previously paid property damage to your client totalling $4,144.48.  We have
$95,855.52 remaining on the policy limit which we offer in full and final settlement of all
claims.

Please advise.

Sincerely yours,

Paul E. Pearson
President

PEP:ds

EXHIBIT D



**Adjustment Company**

P.O. Box 4118⌐ Baton Rouge, LA 70835
Twelve United Plaza
8549 United Plaza Blvd. Suite 301
Baton Rouge, LA 70809

*Claim Managers and Administrators*

(225) 293-2492                    FAX (225) 291-3968

April 9, 2003

Mr. John Keenan
Attorney at Law
390 Main Street, Suite 1000
Worcester, MA  01608

Fax No:  508-792-0832

Re:    Claim No:  ACET-J-20-09008
       Insured:  March Taxi
       Claimant:  Paul Aquino
       D/L:  7-12-00

Dear Mr. Keenan:

We are currently awaiting word from the excess carrier General Star Insurance Company.
As we have previously indicated, we have $95,855.52 remaining on the policy limit
which we offer in partial satisfaction of the judgement in this case.  We request that you
allow us to pay this partial satisfaction and within the next 15 days or so we should have
word from General Star.

Please advise.

Sincerely yours,

Paul E. Pearson
President

PEP:ds

Baton Rouge  •  Los Angeles  •  New York

EXHIBIT E



**Adjustment Company**

P.O. Box 4118◯8 ⟩ Rouge, LA 70835
Twelve United Plaza
8549 United Plaza Blvd. Suite 301
Baton Rouge, LA 70809

*Claim Managers and Administrators*          (225) 293-2492          FAX (225) 291-3968

April 21, 2003

Mr. John Keenan
Attorney at Law
390 Main Street, Suite 1000
Worcester, MA  01608

Fax No:  508-792-0832

Re:     Claim No:  ACET-J-20-09008
        Insured:  March Taxi
        Claimant:  Paul Aquino
        D/L:  7-12-00

Dear Mr. Keenan:

We have again checked the coverage for the Insured, March Taxi and find that this is a
$100,000 combined single limit liability policy.  There is no separate coverage for
property damage liability in this case.

We would like to try and get this matter settled if at all possible.  If we could get
$140,000 would that be acceptable to your client in full settlement of this claim?  Please
advise.

Sincerely yours,

Paul E. Pearson
President

PEP:ds

**P**acesetter **Adjustment Company**

P.O. Box 41186 • Baton Rouge, LA 70835
Twelve United   za
8549 United Plaza Blvd. Suite 301
Baton Rouge, LA 70809

*Claim Managers and Administrators*

(225) 293-2492          FAX (225) 291-3968

August 13, 2003

Mr. John Keenan
Attorney at Law
390 Main Street, Ste.1000
Worcester, MA  06108

RE:   Ace Fire Underwriters
      Claim Number:    ACET-J-20-09008
      Insured:         March Taxi
      Claimant:        Paul Aquino
      Date of Loss:    7/12/00

Dear Mr. Keenan:

We have your July 1, 2003 communication. After much discussions between
our offices, this case was compromised and full & final releases of all claims
were obtained.  The judgement has been satisfied in full.  We do not believe
that you are entitled to any further claim in this case.  Our file is closed.

Sincerely,

Paul E. Pearson
President

Baton Rouge • Los Angeles

Exhibit 2



## LIST OF COUNSEL OF RECORD

<u>For the Plaintiff</u>

John F. Keenan, BBO# 264000
390 Main Street
Worcester, MA 01608
(508) 791-8181

<u>For the Defendant</u>

Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal St., 5th Floor
Boston, MA 02110
(617) 422-5300

21526.1



## MATTERS FILED WITH NOTICE OF REMOVAL

1.     Plaintiff's Summons and Complaint

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Paul T. Aquino

## DEFENDANTS

Pacesetter Adjustment Company

(b) County of Residence of First Listed Plaintiff **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Louisiana**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

John F. Keenan, Esquire
390 Main Street
Worcester, MA 01608
(508) 791-8181

Attorneys (If Known) Maynard M. Kirpalani
Geoffrey M. Coan
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP, 155 Federal St., Boston, MA 02110
(617) 422-5300

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Diversity of Citizenship 28 U.S.C. Sec. 1332

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

Paul T. Aquino v. Ace Fire Underwriters Insurance Co. (being removed simultaneously with this action)

JUDGE

DOCKET NUMBER

DATE 12/16/03

SIGNATURE OF ATTORNEY OF RECORD
Geoffrey M. Coan

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)_____

   Paul T. Aquino v. Pacesetter Adjustment Company

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Paul T. Aquino v. Ace Fire Underwriters Insurance Company (being
                                                    removed as well)

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do **all** of the non-governmental parties reside?

      Eastern Division ☐   Central Division ☒   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Maynard M. Kirpalani

ADDRESS   Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
          155 Federal Street, Boston, MA 02110

TELEPHONE NO.   617-422-5300

(Coversheetlocal.wpd - 10/17/02)