UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. AQUINO,<br>              Plaintiff,<br><br>v.<br><br>PACESETTER ADJUSTMENT COMPANY, ET AL.<br>              Defendants. | CIVIL ACTION NO. 03-40285-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)(2)**

The Defendants, Ace Fire Underwriters Insurance Company ["ACE"] and Pacesetter Adjustment Company ["Pacesetter"], move this Court for a protective order pursuant to Fed. R. Civ. P. 26(c)(2), precluding the plaintiff from requiring their designees to appear for a Fed. R. Civ. P. 30(b)(6) deposition in Worcester, Massachusetts, at their own expense. The defendants request that this Court require the plaintiff to conduct the deposition of ACE in Philadelphia, Pennsylvania and the deposition of Pacesetter in Baton Rouge, Louisiana, the locations of the defendants' principal place of business. The defendants further request that this Court preclude the plaintiff from requiring Pacesetter's President, Paul Pearson, to appear for deposition in Worcester, Massachusetts and require the plaintiff to conduct the deposition of Mr. Pearson in Baton Rouge, Louisiana as well.

The plaintiff filed separate actions against Pacesetter and ACE in the Clinton District Court on or about November 6, 2003. Counsel for the Defendants removed the cases to this Court based upon diversity of citizenship on or about December 16, 2003. This Court subsequently consolidated the cases. On January 20, 2005, counsel for the plaintiff noticed the 30(b)(6) depositions of ACE for February 4, 2005 and Pacesetter for February 2, 2005, at his

34012.1

office in Worcester, Massachusetts. [See Notices of Depositions, attached as Exhibit "A"]. ACE's principal place of business is 1601 Chestnut Street, Philadelphia, Pennsylvania. Pacesetter's principal place of business is 8549 United Plaza Boulevard in Baton Rouge, Louisiana. Plaintiff also noticed the deposition of Paul E. Pearson for February 2, 2005. Mr. Pearson is the President of Pacesetter, and communicated with Attorney John Keenan, counsel for Aquino in the case of Aquino v. March Taxi. The communications between Mr. Pearson and Attorney Keenan form the bases for several of the plaintiff's allegations in his Complaint. [See Notice of Pearson Deposition, attached as Exhibit "B"].

Defendants should not be required to appear for the 30(b)(6) depositions in Worcester, Massachusetts. An order requiring the defendants or their agents to appear for deposition in Worcester would contradict the general federal litigation practice that the deposition of a corporate defendant and its agents should take place at the defendant corporation's principal place of business. See Thomas v. International Business Machines, 48 F.3d 478, 483 (10th Cir. 1995)("deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business"), *quoting* 8A CHARLES A. WRIGHT, ARTHUR MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil §2112 at 81 (1994) ; Zuckert v. Beckliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982); Salter v. Upjohn Company, 593 F.2d 649, 651 (5th Cir. 1979). "The rationale for this general rule is that a defendant is not before the forum court by choice, but because the plaintiff brought suit here. Plaintiff should not thereafter be heard to complain about being required to take some discovery where the defendant and its officers and directors are located, even if that location is far beyond the forum court." Zane S. Blanchard & Company, Inc. v. PSPT Ltd, 1995 U.S. Dist. LEXIS 7289 (D. N.H. 1995); See also Work v. Bier, 107 F.R.D. 789, 792 n. 4 (D.D.C. 1985)("...the universally accepted rule in federal

34012.1

litigation is that, in the absence of special circumstances…a party seeking discovery must go where the desired witnesses are normally located…"). Therefore, to require the defendants and Mr. Pearson to travel to Worcester, Massachusetts for their depositions would contradict the well-established practice of deposing corporate defendants and their agents at their principal places of business. Therefore, there is good cause to issue the protective order as requested.

Furthermore, in addition to the 30(b)(6) notice of deposition of Pacesetter, the plaintiff individually noticed the deposition of Mr. Pearson, Pacesetter's President. The general rule of deposing corporations at their principal place of business also applies to depositions of corporate presidents as well. See Salter v. Upjohn Company, 593 F.2d 649, 651 (5th Cir. 1979) (upholding denial of plaintiff's motion to compel defendant's president to appear in Montgomery, AL for a deposition since corporate defendant's place of business and corporate president's residence were in Kalamazoo, MI). Therefore, this Court should order that the deposition of Pacesetter's President, Mr. Pearson, be taken in Baton Rouge, Louisiana. In addition, Mr. Pearson will likely be the 30(b)(6) designee for Pacesetter, obviating the need for two depositions. As such, there is good cause to issue a protective order to Pacesetter on this issue.

Moreover, the plaintiff has failed to identify any peculiar circumstances that would justify that the deposition of the corporations' agents or Pacesetter's President take place in Worcester, Massachusetts. See Salter, 593 F.2d at 652. Absent any peculiar circumstances, this Court should grant the defendants' motion for protective order and require the plaintiff to conduct the depositions in Philadelphia and Baton Rouge, the locations of the principal places of business for ACE and Pacesetter.

Accordingly, the Defendants respectfully requests that this Honorable Court grant Defendants' motion for a protective order and order that the Plaintiff conduct the Rule 30(b)(6)

34012.1

deposition of ACE in Philadelphia, Pennsylvania and the deposition of Pacesetter in Baton Rouge, Louisiana. Additionally, Pacesetter respectfully requests that this Honorable Court order the plaintiff to conduct the deposition of Pacesetter's President, Paul Pearson, in Baton Rouge, Louisiana.

                                              Respectfully Submitted,
The Defendants,
Pacesetter Adjustment Company and
Ace Fire Underwriters Insurance Company,
By their attorneys,

*/s/ Geoffrey M. Coan*
Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

34012.1