

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. AQUINO,       Plaintiff<br><br>VS.<br><br>PACESETTER ADJUSTMENT<br>COMPANY,         Defendant | CIVIL ACTION NO. 03-40285-FDS |

NOTICE OF TAKING DEPOSITION

TO:  Maynard M. Kirpalani, Esq.          John F. Keenan, Esq.
     Wilson, Elser, Moskowitz,           Wolfson, Keenan, Cotton & Meagher
        Edelman & Dicker, LLP            390 Main St., Suite 1000
     155 Federal St.                     Worcester, MA 01608
     Boston, MA 02110

Please take notice that commencing on **Wednesday, February 2, 2005, at 10:00 a.m. at the Offices of Fletcher, Tilton & Whipple, P.C., 370 Main Street, Worcester, Massachusetts 01608**, the plaintiff in this action by his attorney, Douglas Q. Meystre, will take the deposition upon oral examination pursuant to F.R.C.P. 30(b)(6) of the **PERSON/PERSONS MOST KNOWLEDGEABLE AT PACESETTER ADJUSTMENT COMPANY** concerning:

1. The terms of any and all written contracts between Pacesetter Adjustment Company and Ace Fire Underwriters Insurance Company during the years 2000, 2001, 2002, and 2003.

2. The terms of any and all other agreements between Pacesetter Adjustment Company and Ace Fire Underwriters Insurance Company during the years 2000, 2001, 2002, and 2003.

3. The terms of any and all written contracts between Pacesetter Adjustment Company and insurance companies other than Ace Fire Underwriters Insurance Company during the years 2000, 2001, 2002, and 2003.

4. The terms of any and all other agreements between Pacesetter Adjustment Company and insurance companies other than Ace Fire Underwriters Insurance Company during the years 2000, 2001, 2002, and 2003.

5.  The engagement letter or other agreement between Ace Fire Underwriters Insurance Company and Gerard R. Laurence, Esquire and/or Milton, Laurence & Dixon to defend the civil action of Paul T. Aquino against March Taxi, Inc. and Eric Coleman.

6.  All correspondence and communications, including e-mails, between Pacesetter Adjustment Company and Ace Fire Underwriters Insurance Company relating in any way to the claim of Paul T. Aquino against March Tax, Inc. and Eric Coleman.

7.  All correspondence and communications, including e-mails, between Pacesetter Adjustment Company and Milton, Laurence & Dixon, its servants, agents, employees, and attorneys relating in any way to the claims of Paul T. Aquino against March Tax, Inc. and Eric Coleman.

8.  The inquiry made on behalf of Pacesetter Adjuster Company concerning Plaintiff's Request for Admission number 5.

9.  The inquiry made on behalf of Pacesetter Adjuster Company concerning Plaintiff's Request for Admission number 6.

10. The inquiry made on behalf of Pacesetter Adjuster Company concerning Plaintiff's Request for Admission number 7.

11. The inquiry made on behalf of Pacesetter Adjuster Company concerning Plaintiff's Request for Admission number 8.

12. The correspondence and communications between Pacesetter Adjustment Company and the insurance agent or broker who placed the coverage for March Taxi, Inc. and/or Eric Coleman that was in effect at the time of the July 12, 2000 motor vehicle accident that was the subject of the civil action of Paul T. Aquino against March Taxi, Inc. and Eric Coleman.

13. The correspondence and communications between Pacesetter Adjustment Company and General Star Indemnity Company concerning the matter of Paul T. Aquino against March Taxi, Inc. and Eric Coleman.

14. The denial of Pacesetter Adjustment Company that "it was aware of the separate coverage (for property damage liability) at all times relevant to the allegations raised in the plaintiff's Complaint," which is set forth in Response No. 16 to Plaintiff's Request for Admissions under Rule 36.

15. The names and addresses of the executives and officers of Pacesetter Adjustment Company during the years of 2000, 2001, 2002, and 2003.

16. Paul E. Pearson's version of the contents of the March 27, 2003 conversation between him and Attorney John E. Keenan.

17. The date on which any agent, servant, or employee of Pacesetter Adjustment Company first became aware that an excess policy with another carrier covered March Taxi and the name and address of the agent, servant, or employee.

18. The coverage information given by Pacesetter Adjustment Company to Attorney Gerard R. Laurence and his law firm of Milton, Laurence & Dixon, with reference to the claim of Paul T. Aquino against March Taxi, Inc. and Eric Coleman and the dates on which that information was supplied.

19. The reasons why Pacesetter Adjustment Company did not provide Attorney Gerard R. Laurence and the law firm of Milton, Laurence & Dixon with excess policy coverage information before March 12, 2003.

20. The reasons why Pacesetter Adjustment Company's president, Paul E. Pearson, stated in his letters to Attorney John F. Keenan dated March 26, 2003 and April 9, 2003 that "we have $95,855.52 remaining on his policy limit."

21. The relationship between Pacesetter Adjustment Company and Ace Fire Underwriters Insurance Company during the years 2000, 2001, 2002, and 2003.

22. Pacesetter Adjustment Company's company or corporate charter.

23. Bills received from and checks issued to Attorney Gerard R. Laurence and the law firm of Milton, Laurence & Dixon relative to the matter of Paul T. Aquino v. March Tax, Inc. and Eric Coleman.

24. The relationship of Pacesetter Adjustment Company to the Stanford Group during the years 2000 to 2003, inclusive.

25. All documents issued in any fashion by the defendants relative to the bodily injury liability coverage limits applicable to Paul T. Aquino and claims relative to his July 12, 2000 motor vehicle accident with the March Taxi, Inc. cab.

26. The denials, and effective denials, set forth in Pacesetter Adjustment Company's Answer to Plaintiff's Complaint.

27. The Affirmative Defenses set forth in Pacesetter Adjustment Company's Answers to Plaintiff's Complaint.

28. The discoverable information that Kimberly Gill has.

29. The discoverable information that Leslie Mariano has.

30. The discoverable information that Paul Pearson has.

31. The discoverable information that Gerard R. Laurence, Esq. has.

32. The discoverable information that Jessica Rushing/Clark has.

33. The discoverable information that Michael Walsh has.

34. The discoverable information that Pamela Brand has.

35. The discoverable information that Eva Herbert has.

36. The discoverable information that Debbie Laurence has.

37. The discoverable information that Nicholas Lapone has.

38. The discoverable information that General Star Indemnity Company has.

39. The discoverable information that Ace Fire Underwriters Insurance Company has.

40. The discoverable information that Steve Kamoroff has.

41. The discoverable information that Bryan Wilcox has.

42. The discoverable information that Pacesetter Adjustment Company has.

43. Pacesetter Adjustment Company's claim file in <u>Aquino v. March Taxi</u>.

44. Any insurance agreements under which any person carrying an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy this judgment.

The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

                                         Plaintiff, by his attorney,

                                         Douglas Q. Meystre, Esquire
                                         FLETCHER, TILTON & WHIPPLE, P.C.
                                         BBO #344740
                                         370 Main Street
                                         Worcester, Massachusetts 01608
                                         (508) 798-8621

## CERTIFICATE OF SERVICE

I, Douglas Q. Meystre, Esquire, hereby certify that on **January 20, 2005** I served the foregoing <u>NOTICE OF TAKING DEPOSITION</u> upon the defendant by mailing a copy, first class mail, postage prepaid, to:

Maynard M. Kirpalani, Esq.          John F. Keenan, Esq.
Wilson, Elser, Moskowitz,            Wolfson, Keenan, Cotton & Meagher
  Edelman & Dicker, LLP            390 Main St., Suite 1000
155 Federal St.                           Worcester, MA 01608
Boston, MA 02110

                                                             Douglas Q. Meystre

cc:    McCarthy Reporting Service
       12 Harvard St.
       Worcester, MA 01609
       753-3889



UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. AQUINO,        Plaintiff<br><br>VS.<br><br>ACE FIRE UNDERWRITERS<br>INSURANCE COMPANY,   Defendant | CIVIL ACTION NO. 03-40286-FDS |

NOTICE OF TAKING DEPOSITION

TO:   Maynard M. Kirpalani, Esq.          John F. Keenan, Esq.
      Wilson, Elser, Moskowitz,           Wolfson, Keenan, Cotton & Meagher
          Edelman & Dicker, LLP           390 Main St., Suite 1000
      155 Federal St.                     Worcester, MA 01608
      Boston, MA 02110

Please take notice that commencing on **Friday, February 4, 2005, at 1:00 p.m. at the Offices of Fletcher, Tilton & Whipple, P.C., 370 Main Street, Worcester, Massachusetts 01608**, the plaintiff in this action by his attorney, Douglas Q. Meystre, will take the deposition upon oral examination pursuant to F.R.C.P. 30(b)(6) of the **PERSON/PERSONS MOST KNOWLEDGEABLE AT ACE FIRE UNDERWRITERS INSURANCE COMPANY** concerning:

1. The terms of any and all written contracts between Pacesetter Adjustment Company and Ace Fire Underwriters Insurance Company during the years 2000, 2001, 2002, and 2003.

2. The terms of any and all other agreements between Pacesetter Adjustment Company and Ace Fire Underwriters Insurance Company during the years 2000, 2001, 2002, and 2003.

3. The terms of any and all written contracts between Ace Fire Underwriters Insurance Company and entities other than Pacesetter Adjustment Company that performed insurance claims adjustment services for Ace Fire Underwriters Insurance Company during the years 2000, 2001, 2002, and 2003.

4. The terms of any and all other agreements between Ace Fire Underwriters Insurance Company and entities other than Pacesetter Adjustment Company that performed insurance claims adjustment services for Ace Fire Underwriters Insurance Company during the years 2000, 2001, 2002, and 2003.

G:\D\DQM\Aquino, Paul\30(b)(6) depo Notice Ace.doc

1

5. All correspondence and other documents including e-mail relating to engagement letter or other agreement between Ace Fire Underwriters Insurance Company and Gerard R. Laurence, Esquire and/or Milton, Laurence & Dixon to defend the civil action of Paul T. Aquino against March Taxi, Inc. and Eric Coleman.

6. All correspondence and communications, including e-mails, between Pacesetter Adjustment Company and Ace Fire Underwriters Insurance Company relating in any way to the claim of Paul T. Aquino against March Tax, Inc. and Eric Coleman.

7. All matters relating to correspondence and communications, including e-mails, between Pacesetter Adjustment Company and/or Ace Fire Underwriters Insurance Company and Milton, Laurence & Dixon, its servants, agents, employees, and attorneys relating in any way to the claims of Paul T. Aquino against March Tax, Inc. and Eric Coleman.

8. Ace Fire Underwriters Insurance Company's denial in its Response number 4 to the Plaintiff's Request for Admissions.

9. The inquiry made on behalf of Ace Fire Underwriters Insurance Company concerning Plaintiff's Request for Admission number 5.

10. The inquiry made on behalf of Ace Fire Underwriters Insurance Company concerning Plaintiff's Request for Admission number 6.

11. The inquiry made on behalf of Ace Fire Underwriters Insurance Company concerning Plaintiff's Request for Admission number 7.

12. The inquiry made on behalf of Ace Fire Underwriters Insurance Company concerning Plaintiff's Request for Admission number 11.

13. The correspondence and communications between Pacesetter Adjustment Company and/or Ace Fire Underwriters Insurance Company and the insurance agent or broker who placed the coverage for March Taxi, Inc. and/or Eric Coleman that was in effect at the time of the July 12, 2000 motor vehicle accident that was the subject of the civil action of Paul T. Aquino against March Taxi, Inc. and Eric Coleman.

14. The correspondence and communications between Pacesetter Adjustment Company and/or Ace Fire Underwriters Insurance Company and General Star Indemnity Company concerning the matter of Paul T. Aquino against March Taxi, Inc. and Eric Coleman.

15. The denial of Ace Fire Underwriters Insurance Company that "it was aware of the separate coverage (for property damage liability) at all times relevant to the allegations raised in the plaintiff's Complaint," which is set forth in Response No. 16 to Plaintiff's Request for Admissions under Rule 36.

16. The names and addresses of the executives and officers of Ace Fire Underwriters Insurance Company during the years of 2000, 2001, 2002, and 2003.

17. Paul E. Pearson's version of the contents of the March 27, 2003 conversation between him and Attorney John E. Keenan.

18. The date on which any agent, servant, or employee of Ace Fire Underwriters Insurance Company first became aware that an excess policy with another carrier covered March Taxi and the name and address of the agent, servant, or employee.

19. The coverage information given by Pacesetter Adjustment Company and/or Ace Fire Underwriters Insurance Company to Attorney Gerard R. Laurence and his law firm of Milton, Laurence & Dixon, with reference to the claim of Paul T. Aquino against March Taxi, Inc. and Eric Coleman and the dates on which that information was supplied.

20. The reasons why Pacesetter Adjustment Company and/or Ace Fire Underwriters Insurance Company did not provide Attorney Gerard R. Laurence and the law firm of Milton, Laurence & Dixon with excess policy coverage information before March 12, 2003.

21. The reasons why Pacesetter Adjustment Company's president, Paul E. Pearson, stated in his letters to Attorney John F. Keenan dated March 26, 2003 and April 9, 2003 that "we have $95,855.52 remaining on his policy limit."

22. The relationship between Pacesetter Adjustment Company and Ace Fire Underwriters Insurance Company during the years 2000, 2001, 2002, and 2003.

23. Ace Fire Underwriters Insurance Company's company or corporate charter.

24. Bills received from and checks issued to Attorney Gerard R. Laurence and the law firm of Milton, Laurence & Dixon relative to the matter of <u>Paul T. Aquino v. March Tax, Inc. and Eric Coleman</u>.

25. The relationship of Pacesetter Adjustment Company and/or Ace Fire Underwriters Insurance Company to the Stanford Group during the years 2000 to 2003, inclusive.

26. All documents issued in any fashion by the defendants relative to the bodily injury liability coverage limits applicable to Paul T. Aquino and claims relative to his July 12, 2000 motor vehicle accident with the March Taxi, Inc. cab.

27. The denials, and effective denials, set forth in Ace Fire Underwriters Insurance Company's Answer to Plaintiff's Complaint.

28. The Affirmative Defenses set forth in Ace Fire Underwriters Insurance Company's Answers to Plaintiff's Complaint.

29. The discoverable information that Kimberly Gill has.

30. The discoverable information that Leslie Mariano has.

31. The discoverable information that Paul Pearson has.

32. The discoverable information that Gerard R. Laurence, Esq. has.

33. The discoverable information that Jessica Rushing/Clark has.

34. The discoverable information that Michael Walsh has.

35. The discoverable information that Pamela Brand has.

36. The discoverable information that Eva Herbert has.

37. The discoverable information that Debbie Laurence has.

38. The discoverable information that Nicholas Lapone has.

39. The discoverable information that General Star Indemnity Company has.

40. The discoverable information that Ace Fire Underwriters Insurance Company has.

41. The discoverable information that Steve Kamoroff has.

42. The discoverable information that Bryan Wilcox has.

43. The discoverable information that Pacesetter Adjustment Company has.

44. Ace Fire Underwriters Insurance Company's claim file in <u>Aquino v. March Taxi</u>.

45. Any insurance agreements under which any person carrying an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy this judgment.

The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

Plaintiff, by his attorney,

_____
Douglas Q. Meystre, Esquire
FLETCHER, TILTON & WHIPPLE, P.C.
BBO #344740
370 Main Street
Worcester, Massachusetts 01608
(508) 798-8621

### CERTIFICATE OF SERVICE

I, Douglas Q. Meystre, Esquire, hereby certify that on **January 20, 2005**, I served the foregoing NOTICE OF TAKING DEPOSITION upon the defendant by mailing a copy, first class mail, postage prepaid, to:

Maynard M. Kirpalani, Esq.
Wilson, Elser, Moskowitz,
 Edelman & Dicker, LLP
155 Federal St.
Boston, MA 02110

John F. Keenan, Esq.
Wolfson, Keenan, Cotton & Meagher
390 Main St., Suite 1000
Worcester, MA 01608

_____
Douglas Q. Meystre

cc: McCarthy Reporting Service
    12 Harvard St.
    Worcester, MA 01609
    753-3889

G:\D\DQM\Aquino, Paul\30(b)(6) depo Notice Acc.doc

5