UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| PAUL T. AQUINO,        Plaintiff    |
|---|
| VS. |
| PACESETTER ADJUSTMENT COMPANY, Defendant |

CIVIL ACTION NO. 03-40285-FDS

| PAUL T. AQUINO,        Plaintiff |
|---|
| VS. |
| ACE FIRE UNDERWRITERS INSURANCE COMPANY,   Defendant |

CIVIL ACTION NO. 03-40286-FDS

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
PURSUANT TO FED. R. CIV. P. 26(c)(2)**

The plaintiff opposes defendants, Ace Fire Underwriters Insurance Company's [:ACE"] and Pacesetter Adjustment Company's ["Pacesetter"], motion for a protective order pursuant to Fed. R. Civ. P. 26(c)(2) which would preclude the plaintiff from requiring the defendants' designees to appear for Fed. R. Civ. P. 30(b)(6) depositions in Worcester, Massachusetts, at their own expense. The plaintiff also opposes the defendants request that this Court require the plaintiff to conduct the deposition of ACE in Philadelphia, Pennsylvania and the deposition of Pacesetter in Baton Rouge, Louisiana, the locations of the defendants' principal place of business. The plaintiff further opposes the defendants further request that this Court preclude the plaintiff from requiring Pacesetter's President, Paul Pearson, to appear for deposition in

Worcester, Massachusetts and require the plaintiff to conduct the deposition of Mr. Pearson in Baton Rouge, Louisiana as well.

The plaintiff filed separate actions against Pacesetter and ACE in the Clinton District Court on or about November 6, 2003. Counsel for the defendants removed the cases to this Court based upon diversity of citizenship on or about December 16, 2003. This Court subsequently consolidated the cases. On January 20, 2005, counsel for the plaintiff noticed the 30(b)(6) depositions of ACE for February 4, 2005 and Pacesetter for February 2, 2005, at his office in Worcester, Massachusetts. ACE asserts that its principal place of business is 1601 Chestnut Street, Philadelphia, Pennsylvania. Pacesetter asserts the principal place of business is 8549 United Plaza Boulevard in Baton Rouge, Louisiana. The plaintiff does not contest these assertions. Plaintiff also noticed the deposition of Paul E. Pearson for February 2, 2005. (Pearson is the President of Pacesetter, and communicated with Attorney John Keenan, counsel for Aquino in the case of Aquino v. March Taxi. The communications between Mr. Pearson and Attorney Keenan form the bases for several of the plaintiff's allegations in his Complaint .

The Defendants assert that they should not be required to appear for the 30(b)(6) depositions in Worcester, Massachusetts. They correctly point out that an order requiring the defendants or their agents to appear for deposition in Worcester would contradict the general federal litigation practice that the deposition of a corporate defendant and its agents should take place at the defendant corporation's principal place of business. The defendant's cite Thomas v. International Business Machines, 48 F. 3d 478, 483 (10th Cir. 1995)("deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business"), quoting

2

8A CHARLES W. WRIGHT, ARTHUR MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil §2112 at 81 (1994); Zuckert v. Beckliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982); Salter v. Union Company, 593 F.2d 649, 651 (5th Cir. 1979); Zane S. Blanchard & Company, Inc. v. PSPT Ltd, 1995 U.S. Dist. LEXIS 7289 (D.N.H. 1995); The defendants also cite Work v. Bier, 107 F.R.D. 789, 792 n.4 (D.D.C. 1985)("...the universally accepted rule in Federal litigation is that, in the absence of special circumstances...a party seeking discovery must go where the desired witnesses are normally located..."). They argue that to require the defendants and Mr. Pearson to travel to Worcester, Massachusetts for their depositions would contradict the well-established practice of deposing corporate defendants and their agents at their principal places of business and that there is good cause to issue the protective order as requested.

The plaintiff concedes that the general federal litigation practice would certainly require that the depositions of corporate defendants at their corporate principal place of business in the absence of special circumstances. The plaintiff asserts, however, that where a company such as ACE writes automobile insurance in the Commonwealth of Massachusetts and where a company such as Pacesetter acts as a third party administrator of motor vehicle claims arising in the Commonwealth of Massachusetts which involve motor vehicle accidents which take place in the Commonwealth of Massachusetts and which involve motor vehicles registered and insured in the Commonwealth of Massachusetts, special and peculiar circumstances exist. It is harsh indeed to require a Massachusetts resident to travel to Louisiana and/or to Philadelphia to conduct discovery on a bad faith insurance claim involving a Massachusetts accident, two Massachusetts vehicles, and two Massachusetts insured. The plaintiff submits that the defendants here should

be treated as an exception to the general rule and should be required to attend their Rule 30(b)(6) depositions here in Massachusetts. This decision is clearly within the discretion of the court. Custom Form Mfg. Inc. v. Omron Corp. (2000, N.D.Ind.) 196 FRD 333. The plaintiff submits that under these facts and circumstances, the court should exercise its discretion by denying the defendants' motion as to the corporate defendants.

The plaintiffs concede that the issue concerning the deposition of Mr. Pearson, Pacesetter's President presents a different issue. The plaintiff agrees that the general rule of deposing corporations at their principal place of business also applies to depositions of corporate presidents as well. However, the defendant Pacesetter acknowledges that Mr. Pearson will likely be the 30(b)(6) designee for Pacesetter, and the issue would therefore seem to be moot unless Pacesetter names a different designee simply to frustrate the plaintiff and force him to conduct the deposition in Louisiana. The plaintiff submits that the court should not allow that type of conduct.

Accordingly, the plaintiff respectfully requests that this Honorable Court deny Defendant's motion for protective order and order that defendants appear for their deposition in Worcester, Massachusetts and at their own expense. Additionally, the plaintiff respectfully requests that this Honorable Court order Pacesetter's President, Paul Pearson, appear in Worcester, Massachusetts for depositions not only as Pacesetter's Rule 30(b)(6) designee, but individually as well in his capacity as president of Pacesetter.

The plaintiff would note that there is a discovery deadline in this matter of March 1, 2005. If the court is included at all to allow the defendant's motion, the plaintiff would request

an extension of the discovery deadline for a reasonable period to allow discovery to be completed. The defendants have yet to answer interrogatories or respond to document requests which were served on the defendants on October 15, 2004. This failure to respond with answers has been an impediment to concluding discovery.

                                          Respectfully submitted,

                                          _____
                                          Douglas Q. Meystre, Esquire
                                          BBO #344740
                                          Fletcher, Tilton & Whipple, P.C.
                                          370 Main Street
                                          Worcester, Massachusetts 01608
                                          508-798-8621

## CERTIFICATE OF SERVICE

      I, Douglas Q. Meystre, Esquire, hereby certify that on February 4, 2005 I served the foregoing **Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for a Protective Order** upon the defendants by mailing a copy, first class mail, postage prepaid, to:

Maynard M. Kirpalani, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal St.
Boston, MA 02110

                                          _____
                                          Douglas Q. Meystre