UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL T. AQUINO,<br>      Plaintiffs<br>vs.<br><br>PACESETTER ADJUSTMENT COMPANY and<br>ACE FIRE UNDERWRITERS INSURANCE COMPANY,<br>      Defendants, | **CIVIL ACTION**<br>**NO. 03-40285-FDS**<br><br>**(Consolidated with**<br>**Civil Action**<br>**No. 03-40286-FDS)** |

**ORDER**
**March 1, 2005**

**SWARTWOOD, C.M.J.**

      I.  <u>Nature Of The Proceeding</u>

By Order of Reference dated February 8, 2005, Defendants' Motion For A Protective Order Pursuant To Fed. R. Civ. P. 26(c)(2)(Docket No. 15) has been referred to me for disposition.

      II.  <u>Background</u>

These consolidated civil actions involve an allegation by Plaintiff that Defendants violated Massachusetts General Laws c.176D and Massachusetts General Laws Ch. 93A as a result of alleged misrepresentations made by Defendants as to the amount of insurance coverage available in connection with an underlying motor vehicle accident.

Plaintiff is a resident of Worcester, Massachusetts. Defendant, Ace Fire Underwriters Insurance Company ("Ace"), has its principal place of business in Baton Rouge, Louisiana and Defendant, Pacesetter Adjustment Company ("Pacesetter"), has its principal place of business in Philadelphia, Pennsylvania. Ace issues automobile insurance policies in the Commonwealth of Massachusetts. Pacesetter acts as a third-party administrator of motor vehicle claims, at least some of which arise in the Commonwealth of Massachusetts, involve motor vehicle accidents in Massachusetts and involve motor vehicles registered and insured in Massachusetts.

Plaintiff has served each Defendant with a Notice of a 30(b)(6) deposition to be held in Worcester, Massachusetts (Defs' Memo. Att. Notices). Both Notices request the 30(b)(6) deponent to be knowledgeable concerning 45 separate areas of inquiry. Over half of those numerated areas of inquiry involve reference to documents and fifteen (15) involve requests for discoverable information known to specifically designated individuals. Additionally, Plaintiff has noticed the deposition of Paul E. Pearson in Worcester, Massachusetts. Mr. Pearson is the President of Pacesetter and will likely be Pacesetter's 30(b)(6) designee.

Although Mr. Pearson, as Pacesetter's President, had correspondence with one of Plaintiff's counsel in Worcester,

Massachusetts, there is no evidence that Mr. Pearson has ever traveled to Massachusetts in connection with Pacesetter's business.

Plaintiff's counsel ("Messrs. Keenan and Meystre") have their principal law office in Worcester and Defendants' counsel has an office in Boston, Massachusetts.

### III.  Discussion

Both parties acknowledge the general rule that "`[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, `especially when . . . the corporation is the Defendant." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979).  A party may overcome the presumption, however, by showing that peculiar or special circumstances justify conducting the deposition at a location other than the corporation's principal place of business.  Salter, 593 F.2d at 652.  Several courts have listed factors which should be considered in determining whether special circumstances exist to overcome the presumption that 30(b)(6) depositions and/or corporate officer depositions shall be held at the corporate headquarters. This is especially true with respect to defendant corporations who do not have a physical presence in the forum state.  Those factors include:

1.   location of counsel;

2.   number of corporate personnel to be deposed;

    3.    whether the parties anticipate significant discovery disputes during the depositions which require resolution by the forum court;

    4.    whether the person sought to be deposed often engages in travel for business purposes;

    5.    whether the defendant filed permissive counterclaims/third-party complaints; and

    6.    the equities concerning the nature of the claim and the parties' relationship.

<u>Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.</u>, 147 F.R.D. 125, 127 (N.D. Tex. 1992); <u>see</u> <u>also</u> <u>Rapoca Energy Co., L.P. v. Amci Export Corp.</u>, 199 F.R.D. 191, 193 (W.D.Va. 2001).

Defendants rely on the initial presumption that the noticed depositions will be held at their corporate headquarters. Plaintiff counters that special circumstances exist that would require these depositions to be taken in Worcester, Massachusetts. I find that there are insufficient special circumstances to overcome the presumption in this case.

Although all trial counsel are from Massachusetts, I do not find that this is an overwhelming factor which, in itself, is sufficient to overcome the presumption. I make this finding primarily because the forum court is located in Massachusetts and it is not unusual for foreign corporations to hire local lawyers to represent them in this Court.

Although Pacesetter has initially determined that its President, Mr. Pearson, will be the 30(b)(6) witness, it is conceivable that other 30(b)(6) witnesses from each of the

Defendants will be necessary in order to address the substantial areas of inquiry set forth in the 30(b)(6) Notices served on each Defendant.  During the course of these depositions, it may become necessary for the 30(b)(6) witnesses and/or corporate officers to retrieve corporate documents or make further inquiry of the individuals designated by Plaintiff from whom discovery is being sought.  Both the documents and individuals are most likely found at the Defendants' corporate headquarters.  Therefore, this factor weighs in favor of holding the depositions at Defendants' headquarters.

At this time, there is no reason to believe that any issues will arise relative to the depositions.  Therefore, it is not necessary to be close to the forum court to resolve discovery disputes.  Furthermore, if during any deposition being conducted in Philadelphia or Baton Rouge discovery disputes arise which require Court intervention, those disputes can easily be resolved via a telephone conference.  Therefore, this factor does not weigh in favor of overriding the general presumption.

Although there is an allegation that both Defendants do business in the Commonwealth of Massachusetts, there is no evidence that the persons to be deposed have ever traveled to Massachusetts to conduct that business.  Therefore, this factor does not weigh in favor of overriding the general presumption.

The Defendants have not filed counterclaims or third-party complaints in this case and I do not find that the equities concerning the nature of the claim and the parties' relationship have any bearing in this case as to where depositions of a 30(b)(6) witness and/or corporate officer shall be held.

Therefore, after considering all of the above circumstances, I find that the initial presumption prevails in this case that the 30(b)(6) witness and/or corporate officer depositions shall be held at the corporate headquarters of each Defendant in Philadelphia and Baton Rouge.

### IV. Conclusion

Defendants' Motion For A Protective Order Pursuant To Fed. R. Civ. P. 26(c)(2)(Docket No. 15) is <u>allowed.</u>

/s/Charles B. Swartwood, III  
CHARLES B. SWARTWOOD, III  
CHIEF MAGISTRATE JUDGE
