UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. AQUINO,<br>　　　　Plaintiff,<br>v.<br>PACESETTER ADJUSTMENT COMPANY, ET AL.<br>　　　　Defendants. | CIVIL ACTION NO. 03-40285-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS',
PACESETTER ADJUSTMENT COMPANY AND ACE FIRE
UNDERWRITERS INSURANCE COMPANY, MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Now come the defendants, Pacesetter Adjustment Company ("Pacesetter") and Ace Fire Underwriters Insurance Company ("Ace") and hereby submit this memorandum of law in support of their motion for summary judgment.

**II.   FACTUAL BACKGROUND**

On July 12, 2000, the plaintiff, Paul T. Aquino ("Aquino" or "plaintiff") was allegedly injured in a motor vehicle accident in Worcester, Massachusetts while riding as a passenger in a motor vehicle owned by March Taxi, Inc. and insured by Ace. [Statement of Fact ("SOF") 1]. Ace retained Pacesetter, an independent insurance claims adjustor, to handle Aquino's claim. [SOF 3]. In turn, Pacesetter retained Attorney Gerald Laurence to represent the insured, March Taxi, Inc. [SOF 4]. On February 21, 2003, after a trial by jury, judgment entered against March Taxi, Inc. in the amount of $182,709.66. [SOF 5]. The case was subsequently settled for

36101.5

$170,00.00. [SOF 6]. Pacesetter ultimately contributed $100,000.00 toward the settlement.[1] [SOF 7]. An excess carrier, General Star, negotiated directly with Attorney Keenan, counsel for Aquino, and contributed $70,000.00 toward settlement. [SOF 8].

On November 13, 2003, Aquino filed suit in the Clinton District Court against Pacesetter and Ace alleging that the defendants' agents misrepresented pertinent facts of insurance provisions relating to insurance policy coverage. [SOF 9]. Aquino claims that the alleged misrepresentations were an unfair claim settlement practice under M.G.L. c. 176D and, therefore, a violation of M.G.L. c. 93A. [SOF 9-10]. Aquino claimed that agents of both Pacesetter and Ace misrepresented the March Taxi, Inc. insurance policy limits and misrepresented the existence of excess insurance coverage. [SOF 10-11]. The defendants removed the cases to this Court, which subsequently consolidated the two actions. [SOF 9]. Aquino's Complaints do not allege any injury. [SOF 12]. Rather, Aquino simply alleges that he is entitled to multiplication of the underlying judgment. [SOF 9].

Please refer to the Concise Statement of Material Facts of Record filed herewith in accordance with Local Rule 56.1 for further facts.

### III. ARGUMENT

#### A. SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56(c), summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the

---

[1] Pacesetter paid $100,000 on Aquino's bodily injury claim. Pacesetter had previously paid $4,144.48 on the property damage claim. [SOF 7].

2

36101.5

burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where, as here, the movant does not bear the burden of proof on the issue at hand, the movant need only "point out" that there is an absence of proof essential to the non-movant's case. Id. at 326; See Mottolo v. Fireman's Fund Ins. Co., 43 F.3d 723, 725 (1st Cir. 1995) ("As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver 'an absence of evidence to support the nonmoving party's case.'") In order to defeat the motion, the nonmovant must then come forward with admissible evidence sufficient to "establish ... a genuine issue of material fact on every element essential to his [or her] case in chief." Vega v. Kodak Caribbean, Ltd., 3 F.3d 476, 479 (1st Cir. 1993) (citation omitted). A dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The defendants move this court pursuant to Fed. R. Civ. P. 56 seeking summary judgment for the following reasons.

**B.   PACESETTER AND ACE ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE AQUINO HAS SUFFERED NO INJURY AS A RESULT OF THE DEFENDANTS' ALLEGELY UNLAWFUL CONDUCT**

Aquino claims that he is entitled to actual damages and double or treble his actual damages and attorneys fees based upon an alleged unfair claim settlement practice under M.G.L. c. 176D § (9)(a), which is a violation of c. 93A. [SOF 9]. However, Aquino has never even claimed nor established that any allegedly unlawful conduct of the defendants caused him an injury, which is a precondition to recovery under c. 93A. [SOF 12-13]. Accordingly, the defendants are entitled to summary judgment.

M.G.L. c. 93A provides relief for violations of M.G.L. c. 176D. However, "...recovery is not automatic." Lord v. Commercial Union Insurance Company, 60 Mass. App. Ct. 309, 321

3

36101.5

(2004)(Massachusetts courts have interpreted c. 93A, § 9(3) to require an actual injury or loss before even minimum damages can be awarded). The Lord court further held that the legislature, in enacting c. 93A, § 9, did not intend to confer on plaintiffs who have suffered no harm the right to receive a nominal damage award which will in turn entitle them to a sometimes significant attorney's fee recovery. See Lord at 322-323. "Where an insurer commits an unfair settlement practice, the plaintiff must have been 'adversely affected by that violation in order to be entitled to recover under G.L. c. 93A, §9.'" Panzarella, at *48, citing Van Dyke v. St. Paul Fire & Marine Ins. Co., 671 Mass. 671, 678, 448 N.E.2d 357 (1983); Chub v. Electric Insurance Co., 17 Mass. App. Ct. 61, 62-63, 455 N.E.2d 646 (1983). Moreover, causation is a required element of a successful M.G.L. c. 93A claim. See Massachusetts Farm Bur. Fed'n, Inc. v. Blue Cross of Mass., Inc., 403 Mass. 722, 730 (1989)("In the absence of a causal relationship between the alleged unfair acts and the claimed loss, there can be no recovery"); International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 850 (1983)("plaintiff must show . . . a causal connection between the deception and the loss").

It is the plaintiff's burden to establish an injury resulting from the alleged unlawful conduct of the defendants. In his Complaints, Aquino fails to even allege any injury resulting from the defendants' allegedly unlawful behavior. [SOF 12]. This deficiency alone is sufficient for the Court to grant summary judgment to the defendants. M.G.L. c. 93A § 9 gives a cause of action only to "[a]ny person…who has been injured by another person's use or employment of any method, act or practice declared to be unlawful….". (Emphasis added.) Additionally, in his answers to Pacesetter's interrogatories, Aquino fails to identify any injury in response to a request for a description of all injuries that the plaintiff claimed to have received and/or suffered as a result of the allegations made in the plaintiff's Complaint. [SOF 13]. Rather, Aquino

4

36101.5

simply states "I have been advised that "actual damages" are defined in M.G.L. c. 93A as the amount of the judgment in the underlying case...." [SOF 13]. It is clear from his answer that Aquino suffered no injury that would allow for the multiplication of damages under c. 93A[2]. Moreover, Aquino's answer confuses actual damages with injury, the latter is still a requirement of a successful c.93A claim. While Aquino makes a claim for actual damages, he has simply not demonstrated how he may be entitled to any actual damages as he has not established that he was injured by any of the allegedly unlawful acts of the defendants.

As such, this Court should grant summary judgment in favor of the defendants as a matter of law.[3]

### C. THE DEFENDANTS DID NOT MAKE ANY MISREPRESENTATIONS IN VIOLATION OF M.G.L. c. 176D

Aquino claims that the defendants violated M.G.L. c. 176D §3 (9)(a) when an agent of the defendants made the following misrepresentations regarding the March Taxi, Inc. insurance policy limit:

a) In response to Plaintiff's attorney's request for production of copies of the coverage selections pages of all insurance agreements including the umbrella and excess policies, Defendant's agent supplied a coverage page reflecting only $100,000.00 in coverage.

---

[2] Moreover, because the underlying case was settled after judgment, it is by no means clear that, even were Plaintiff to be able to demonstrate a right to multiple damages, that it would a multiple of the amount of that judgment. See Bolden v. O'Conner Café of Worcester, Inc., 50 Mass. App. Ct. 56, 68-9 (2000).

[3] This result is not inconsistent with the Supreme Judicial Court's recent decision in Aspinall et al. v. Philip Morris Companies, Inc., 442 Mass. 381 (2004). In Aspinall, the court held that plaintiffs who purchased light cigarettes as the result of a false advertising campaign met the injury requirement of c. 93A because, under the circumstances, they had suffered the invasion of a legally protected interest. Id. No such injury occurred in the instant case. Aquino has not alleged an injury or that he suffered any adverse effects from any alleged misrepresentations made by the defendants. Additionally, all of the alleged misrepresentations were made to Attorney Keenan, who continued to question Pacesetter on both the primary insurance policy limits and the existence of excess insurance coverage until he received answers to his questions. There is simply no redressable invasion of any right in this case. Moreover, it simply cannot be the law under M.G.L. c. 93A that any communication of a misinterpretation of a policy provision, no matter how innocent, as in this case, could constitute an injury such as that found in Aspinall. Accordingly, Aquino cannot satisfy the injury requirement of c. 93A and the defendants are entitled to judgment as a matter of law.

5

36101.5

b) By letter dated March 12, 2003 Defendant's attorney represented to Plaintiff's attorney that the coverage was $100,000.00.

c) By letter dated March 26, 2003 Defendant's agent represented to Plaintiff's attorney that the coverage limit was $100,00.00 with a then current remaining balance of $95,855.52.

d) By letter dated April 9, 2003 Defendant's agent represented to Plaintiff's attorney that there was $95,855.52 remaining on the policy limit.

e) By letter dated April 21, 2003 Defendant's agent represented to Plaintiff's that there was no separate coverage for property damage liability.

f) Defendant's agent stated by phone to plaintiff's attorney on March 23, 2003 that it was unlikely that a cab company would have excess coverage.

[SOF 11].

M.G.L. c. 176D §3(9)(a) provides, in pertinent part, that "an unfair claim settlement practice shall consist of.misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue." M.G.L. c. 176D does not provide Aquino with a private cause of action. See Ryan v. Fallon Community Health Plan, Inc., 921 F.Supp. 34, 38 (D.Mass. 1996)(Chapter 176D creates no private right of action for any violation of its provisions). Aquino claims that the alleged misrepresentations made by agents of the defendants under c. 176D are violations of c. 93A. [SOF 9]. However, Aquino cannot establish that the defendants made <u>any</u> misrepresentations under M.G.L. c. 176D and, therefore, the defendants are entitled to summary judgment.

> 1. **No Agent of Pacesetter or Ace Misrepresented the March Taxi, Inc. Insurance Policy Limit to the Plaintiff.**

In paragraph 7 of his Complaints, Aquino claims that agents of the defendants misrepresented the March Taxi, Inc. insurance policy limit on five separate occasions.[4] [SOF

---

[4] To the extent that Aquino is claiming that Attorney Laurence was an "agent" of Pacesetter and Ace and, as such, any mispresentations made by him are attributable to the defendants, he is incorrect. See Sullivan v. Utica Mutual Insurance Co., 438 Mass. 387, 406 (2003)(defense counsel is an independent contractor with separate and distinct obligations to its client, the insured). Pacesetter retained Attorney Laurence to represent March Taxi, Inc. in

(continued . . .)

6

36101.5

11]. However, Aquino's reliance on M.G.L. c. 176D, §3(9)(a) is misplaced. All of the statements referenced by Aquino were, in fact, nothing more than Pacesetter's interpretation of the March Taxi, Inc. insurance policy limit.[5] It is undisputed that Pacesetter believed the March Taxi, Inc. insurance policy was a combined single limit ("CSL") policy, as evidenced by the affidavit of Mr. Paul Pearson and the Pacesetter claims file. [SOF 17]. Pacesetter's interpretation of the March Taxi, Inc. insurance policy limit as a CSL limit is certainly not the type of conduct envisioned by M.G.L. c. 176D that gives rise to a M.G.L. c. 93A violation. Accordingly, this Court should grant summary judgment to Pacesetter and Ace.

However, even if this Court accepts that an agent of the defendant made a misrepresentation under M.G.L. c. 176D §3(9)(a), as Aquino argues, the defendants are entitled to summary judgment because Pacesetter's interpretation of the March Taxi, Inc. insurance policy limit was plausible.

"A plausible, reasoned legal position that may ultimately turn out to be mistaken – or simply, as here, unsuccessful – is outside the scope of the punitive aspects of the combined application of c. 93A and c. 176D." Guity v. Commerce Insurance Company, 36 Mass. App. Ct. 339, 343 (1994). Moreover, an absence of good faith and the presence of extortionate tactics generally characterizes the basis for a c. 93A – 176D action based on unfair settlement practices. See Forcucci v. United States Fid. & Guar. Co., 817 F. Supp. 195, 202 (D. Mass. 1993).

---

( . . . continued)
the underlying action. Any representations made by Attorney Laurence were on behalf of March Taxi, Inc., not Pacesetter or Ace. Accordingly, subsections (a) and (b) of paragraph 7 of Aquino's Complaints should be disregarded in deciding this motion.

[5] Ace made no representations to the plaintiff whatsoever, as the plaintiff's claim was processed exclusively by Pacesetter. [SOF 14].

7

36101.5

In the present action, Pacesetter's interpretation that the March Taxi, Inc. policy limit was a CSL limit was based upon the language of the declarations page of the March Taxi, Inc. insurance policy, which stated "combined single limit" next to both bodily injury and property damage. [SOF 17-18]. Additionally, Pacesetter relied upon the representation of Stone Insurance, March Taxi, Inc.'s insurance agent, that the policy was a "$100,000 CSL" policy. [SOF 17, 21]. At best, Pacesetter's interpretation of the March Taxi, Inc. insurance policy limits was a misinterpretation of the policy that turned out to be an innocent mistake after a representative of Ace reviewed the insurance policy and informed Pacesetter that the policy had separate insurance coverage for bodily injury and property damage. [SOF 27]. Ultimately, Pacesetter paid $100,000 to Aquino under the bodily injury limit. [SOF 7, 28]. Based upon the record, this Court should find as a matter of law that any statements attributable to Pacesetter were made in good faith and are outside of the scope of the punitive aspects of the combined application of c. 93A and c. 176D. Accordingly, this Court should grant summary judgment in favor of the defendants as a matter of law.

In further support of the defendants' position, the defendants invite this Court to look to the court's decision in Panzarella v. The Travelers Insurance Company, 2002 Mass. Super. LEXIS 160 (April 26, 2002), a case with facts practically identical to this case, for guidance. In Panzarella, the Court held that the defendant insurer or its representatives were not liable for misrepresenting policy provisions, as they did not intend to deceive and there was no adverse effect. The plaintiff claimed that the insurer violated M.G.L. 176D, §3(9) and M.G.L. c. 93A, §2 by representing that the insurance policy limit was $10,000 instead of one million and by failing to disclose excess insurance coverage. See id. at *24. The jury returned a verdict well over even the plaintiff's valuation of the case, and over the primary policy limit. Id. at *45. Additionally,

8

36101.5

the amount of excess insurance was known, but had not been disclosed despite repeated requests. See id. at *34-35. The parties in Panzarella, never deemed excess insurance necessary, as the plaintiff's own valuation of the case was well within the primary insurance policy limit. As such, the defendant did not follow-up on the issue of the existence of excess liability coverage.

The Court noted that defendant's counsel's "failure to recheck the excess coverage and his failure to notify [plaintiff's counsel] of the amount exhibited a high degree of sloppiness", but held that there was no intent of "hindering the plaintiff's fair recovery for their claims," and such conduct was not a violation of 93A. Id. at 35. The Court also determined that the $10,000 figure was a typographical error and not an intentional misrepresentation. See id. The Court further held that there was no violation of 93A because the defendant's conduct was the result of negligence alone. See id. at *54.

As in Panzarella, this Court should find that "…the incorrectly reported amount of insurance coverage does not constitute a violation of M.G.L. c. 93A." See id. Pacesetter was under the impression that the March Taxi, Inc. insurance policy was a combined single limit policy based upon representations made by Stone Insurance and the plain language of the declarations page. [SOF 17-18]. Moreover, the March Taxi, Inc. insurance policy limit was never an issue, due to Aquino's own valuation of the case, until after the jury returned an unexpectedly high verdict in the underlying action. [SOF 5, 24-25]. Any reference to the March Taxi, Inc. insurance policy having a CSL limit was not a deliberate misrepresentation by either of the defendants. Rather, it was an innocent mistake based upon information in Pacesetter's possession at the time.

The Panzarella court also found no violation of c. 93A, despite a finding that the defendant was less than diligent. See id. The Court held that it was reasonable for the defendant

9

36101.5

to assume that the coverage provided under the relevant policy was adequate. See id. Likewise, in this matter, there was no reason for the defendant to believe that any excess insurance coverage carried by March Taxi, Inc. would become an issue as the plaintiff's demand never exceeded $40,000. [SOF 24]. There is simply no evidence of any deliberate deception on the part of Pacesetter or Ace in this matter. Accordingly, as in Panzarella, this Court should find, as a matter of law, that none of the defendants' actions were a violation of c. 93A, and grant summary judgment in the defendants' favor.

    2.    **Defendants' Statements Regarding Excess Coverage Were Not Misrepresentations under M.G.L. c. 176D.**

Aquino also claims that the defendants, through their agents, misrepresented the existence of excess insurance coverage carried by March Taxi, Inc.[6] [SOF 29]. However, Aquino cannot demonstrate that an agent of either Pacesetter or Ace made any misrepresentations regarding excess insurance coverage and, accordingly, the defendants are entitled to summary judgment. Neither Pacesetter, nor Ace were involved in the issuance or provision of the excess insurance policy. [SOF 16]. Furthermore, Pacesetter and Ace have never had a copy of the excess insurance policy. [SOF 15]. Aquino claims that, on March 27, 2003, Paul Pearson ("Pearson"), President of Pacesetter, told Attorney Keenan that it was unlikely that a cab company would have excess coverage. [SOF 30]. At deposition, Attorney Keenan testified that he spoke with Pearson and recorded the conversation as follows: "Jessica Clark no longer W

---

[6] As discussed in footnote 4, the defendants cannot be liable to Aquino for any alleged misrepresentations made by Attorney Laurence, counsel for March Taxi, Inc. in the underlying matter because he was not an agent of Pacesetter and/or Ace. Accordingly, this Court should disregard paragraph 7(a) of the plaintiff's Complaint to the extent that it refers to Attorney Laurence failure to provide excess insurance coverage information to Aquino.

36101.5

slash the co. Nothing in file to ID excess carrier...unlikely cab co. would have excess cov, looking into it." [SOF 31]. Based upon this testimony, Aquino simply cannot demonstrate that Pearson made any misrepresentation to Attorney Keenan during their March 27, 2003 telephone conversation. Rather, Pearson stated an opinion, that he believed to be true based upon his experience as a claims adjuster, that it was unlikely that a cab company would have excess insurance coverage. This statement of opinion, particularly in the context of the entire conversation as ultimately testified to by Attorney Keenan, as a matter of law, simply was not a misrepresentation. "[A] false statement of opinion cannot constitute a 'deceptive act' under chapter 93A." Tagliente v. Himmer, 949 F.2d 1, 8 (1st Cir. 1991)(statement by seller that property would have great access to and visibility from major highways constituted nothing more than an opinion), citing Chedd-Angier Production Co. Inc. v. Omni Publications Intern Ltd., 756 F.2d 930, 939 (1st Cir. 1985)(false statements of opinion, of conditions to exist in the future, or of matters promissory in nature" are not actionable in a claim for misrepresentation).

Moreover, Attorney Keenan's testimony shows that Pearson assured Attorney Keenan that he would look into the issue, which he did. As such, this opinion was neither conclusive nor dismissive of Attorney Keenan's position. Additionally, as of December 20, 2003, Attorney Keenan had in his possession a letter from Pacesetter stating that March Taxi, Inc. carried excess insurance coverage with another carrier. [SOF 23]. It would be a gross injustice to permit a plaintiff to "cherry pick" a portion of a conversation and claim that it is a misrepresentation, especially when that plaintiff has information directly to the contrary and which it believes to be true.

Ultimately, the excess carrier, General Star, negotiated with Attorney Keenan and paid $70,000 to finalize settlement. [SOF 8]. Accordingly, Aquino cannot establish that any

comment made by Pearson was a misrepresentation and, therefore, the defendants are entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the defendants, Pacesetter Adjustment Company and Ace Fire Underwriters Insurance Company, respectfully request this Honorable Court to grant summary judgment in their favor.

Respectfully Submitted,
Pacesetter Adjustment Company and Ace Fire
Underwriters Insurance Company,
By their attorneys,

/s/ Geoffrey M. Coan
Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110
(617) 422-5300

36101.5