# EXHIBIT A



**Adjustment Company**

P.O. Box 41186 • Baton Rouge, LA 70835
3636 S. Sherwood Forest Blvd.
Suite 370 • Baton Rouge, LA 70816

*ACET-J20-09008*

(225) 293-2492    FAX (225) 291-3968

TO: __STONE INSURANCE__    *Please send a copy*
FROM: AlETA DAVIS  DEC 1 1 2000    *of DEC page*

## COVERAGE CONFIRMATION

*16*

DATE OF LOSS
*7-12-00*

CLAIM NO.: _TBA_

INSURED: _March 2wi_

POLICY NO.: _CSA500006_

| CAB# | YEAR | MAKE & MODEL | VIN# |
|------|------|--------------|------|
| | _94_ | _Dodge_ | _...215895_ |

DRIVER: _Eric Coleman_

## ***WAS VEHICLE INSURED ON THE DATE OF LOSS***

**POLICY WAS IN FORCE AND VEHICLE WAS ON FLEET LIST AS OF THE DATE OF LOSS?**

(X) YES OR ( ) NO

If NO, Please check Appropriate Box

( ) Policy Cancelled _____
                Date Cancelled

( ) Vehicle Deleted Prior to Loss _____
                                    Date Deleted

( ) Date of Loss outside Policy Period

( ) Vehicle added after Loss _____

Liability Limits: _100,000 CSL_

( ) Other: _____

Is there UM coverage for the Policy?
(X) Yes ( ) No _50/100_
            UM Limits

Policy Effective Date: _1/17/00_
Policy Expiration Date: _1/17/01_

Confirmed By: _Kristine Burdette_    Date: _12/29/00_    (X) Fax Return
                RESPOND WITHIN 24 HOURS

Baton Rouge • Los Angeles

PACE 00327

# EXHIBIT B

SEP. 20. 2002  2:20PM     STONE_INSURANCE     NO. 689   P. 2

Agent: Stone Insurance Agency

| x | AGE FIRE UNDERWRITERS INSURANCE CO. |

Coverage is in the Company designated below by X

Type of Audit N

DECLARATION: MASSACHUSETTS BUSINESS AUTO COVERAGE FORM

Renewal of   NEW

Policy No.  CSA5600U
ITEM ONE. NAMED INSURED & ADDRESS
March Taxi, Inc.
8 Jonathon Avenue

TYPE OF INSURED'S BUSINESS
CORPORATION    PARTNERSHIP    INDIVIDUAL OR
OTHER:
ND INSURED'S BUSINESS

X The Declarations
include a second
part designated
Part X

Millbury, MA 01527

FEIN #    04-3144572

POLICY PERIOD: Policy covers FROM    1/1/01  TO  1/1/01    12:01 A.M. Standard Time at the Named
insured's address stated above

IN RETURN FOR THE PAYMENT OF THE PREMIUM AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH
YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.
ITEM TWO - SCHEDULE OF COVERAGES
AND COVERED AUTOS

| COVERAGES | COVERED AUTOS | THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|
| COMPULSORY BODILY INJURY | 7 | $20,000 EACH PERSON<br>$40,000 EACH ACCIDENT | $8,268 |
| PERSONAL INJURY PROTECTION | 7 | $8,000 EACH PERSON | $2,032 |
| LIABILITY INSURANCE | | EACH PERSON<br>EACH ACCIDENT | $4,132 |
| OPTIONAL BODILY INJURY | 7 | $100,000   COMBINED SINGLE LIMIT | |
| PROPERTY DAMAGE (COMPULSORY LIMIT $5,000) | 7 | $100,000   COMBINED SINGLE LIMIT | $2,748 |
| AUTO MEDICAL PAYMENT INSURANCE | | EACH PERSON | $0 |
| UNINSURED MOTORISTS | 7 | $50,000 EACH PERSON<br>$100,000 EACH ACCIDENT | $272 |
| (COMPULSORY LIMITS $20,000/$40,000) | | | |
| UNDERINSURED MOTORISTS | 7 | $50,000 EACH PERSON<br>$100,000 EACH ACCIDENT | $148 |
| PHYSICAL DAMAGE INSURANCE | | | |
| COMPREHENSIVE COVERAGE | | ACTUAL CASH VALUE OR | rate FOR EACH COVERED AUTO |
| SPECIFIED CAUSES OF LOSS COVERAGE | | COST OF REPAIR WHICH | rate FOR EACH COVERED AUTO |
| COLLISION COVERAGE | | EVER IS LESS MINUS | rate FOR EACH COVERED AUTO |
| LIMITED COLLISION | | | rate FOR EACH COVERED AUTO |
| LOSS OF USE | | Up to $ | |
| RENTAL REIMBURSEMENT | | Up to $ | |
| TOWING AND LABOR | | | for each disablement of a private auto |

FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ISSUE: ON 451-0018, CA0001 (12/93), M0001 1(07/94),
0017(11/93),CA2917(12/90),CA2402(12/90),M0001 1(07/94), MAIF (1/3)

ORIGINAL

ENDORSEMENT ATTACHED TO THIS POLICY: L0021 11 85 (Form) 1st Yr. Exclusion (Not Applicable in New York)

| PREMIUM FOR ENDORSEMENTS | |
| ESTIMATED TOTAL PREMIUM | $17,6 |

Billing Agent

Countersigned

Authorized Representative

2215345 04/94 includes copyrighted material of Insurance Services Office, Inc. with its permission Copyright Insurance Services Office Inc. 1996

# EXHIBIT C

MILTON LAURENCE DIXON   Fax:508-799-4879   Mar 13 2003  14:00   P.03

 **Adjustment Company**

*Claim Managers and Administrators*

P.O. Box 41186 • Baton Rouge, LA 70835
3636 S. Sherwood Forest Blvd,
Suite 370 • Baton Rouge, LA 70816

(225) 293-2492                    FAX (225) 291-3968

December 20, 2000


Wolfson, Keenan, Cotton & Meagher
Attn: John Keenan
390 Main Street, Suite 1000
Worcester, MA  01608-2575

RE:        Ace Fire Underwriters Insurance Company

           Insured:         March Taxi
           Your Client:      Paul Aquino
           Claim No.:        ACET-J-20-09008
           Loss Date:        7-12-00

Dear Mr. Keenan:

This will document our conversation of December 13, 2000 wherein we advised the above referenced policy has a combined single liability limit of $100,000.00. There is also an excess policy with another carrier.

At your earliest convenience, please provide our office with preliminary medical reports so we can determine if your client's bodily injury claim is going to exceed our policy limits.

I thank you in advance for your attention to this matter and look forward to hearing from you in the near future.

Sincerely,

Jessica Clark
Claims Representative, Ext. 239

JC/ja


Baton Rouge • Los Angeles

**PACE 00099**

# EXHIBIT D

**FILE DOCUMENTATION**

| DATE | ACTIVITY |
|---|---|

Vehicle listed on Schedule   ~~BIA HEBERT~~ SEP 0 5 2000

JESSICA RUSHING   SEP 15 2000   Rec'd in our file

Atty. rep. letter in file dblo CLU

Also rec'd copy of PTR which states IU & CU both on same rd. going same direction, IU en Rt. CU on Lft. IU made a U-Turn into CU- IUD cited for "Improper Turning"

∅ Pass. in either veh.

CU inj> ∅ visible inj; c/o Pain

Dir. Asst. for IUD ∅ listing

- Contact letter to insd
  "      "   w/Statement Form etc. IUD

Atty. ack. clmt. atty. req. statement will forward DEC Pg. to confirm cov'g limits upon receipt Advising appr. will be set up thru their office

Req. DEC Pg.

Req. Appr. on CU

Indep Clmt.

LESLIE MARIANO   SEP 19 2000   ASSIGNED Appr.

LESLIE MARIANO   SEP 1 0 2000   INDEXED   **PACE 00363**

JESSICA RUSHING   SEP 27 2000   Rec'd ph. call from Bob Witkes, dblo March Taxi, req. that he have IUD clm sr. I can get a PIS

He will dblo tomorrow w/driver avail for a PIS - Bob Witkes 508-753-9497

**FILE DOCUMENTATION**

FILE NUMBER

| DATE | ACTIVITY |
|---|---|
| JESSICA RUSHING | SEP 29 2000 Rec'd written statement form from IU states in rt. lane, making U-Turn, clmt. ran thru a yellow light + IU turned into side of CU, liab. provable |
| | Rec'd call from PDA, sw CU owner his ins. co. already looked at CU + are subrogating |
| JESSICA RUSHING | OCT 09 2000 Rec'd subro demand from adv carrier for the PD |
| | CU was a total loss, ACU $3465.00 + $325 tow/storage expense = $3790 - $200 salvage recovery = $3590 + $554.48 rental exp. = $4144.48 total subro demand |
| | Increase res. + agg. ✓ for $4144.48 **PACE 00364** |
| | Rec'd ltr. from clmt. atty, advising he will allow us to take his client's statement if we allow them to interview our IU PIC to clmt. atty, John Keenan, advised ∅ our IU, only have operator's report while he will f.d., he advised want statement from us he won't allow his client to be interviewed. He req. copy of our IU's report + advised if I do interview our IU, call him back + he may agree to allowing a RIS in exchan for mine |
| JESSICA RUSHING | OCT 19 2000 Rec'd ph. call from our IU, confirms his written statements prev. submitted |

**LE DOCUMENTATION**

ILE NUMBER

| DATE | ACTIVITY |
|------|----------|
| JESSICA RUSHING — NOV 03 2000 | Rec'd another ltr. from pltf. atty. reg. pol. limits. Had previously req. copy of DEC Pg. when clmt. was indexed, but DEC req. was never fwd. to Aita to req. it from ins. co. Req. again |
| JESSICA RUSHING — DEC 13 2000 | Rec'd ph. call from from atty. Keenan re. policy limits, plc to Michelle, confirmed pol. limits of $100,000 CSL, excess carrier, unk. limits on carrier. Plc to Mr. Keenan, relayed this information & advised the excess carrier may need to be put on notice b/c clmt. had MRI done of C-spine - will wait to get results |
| JESSICA CLARK — DEC 19 2000 | Ltr. to pltf. atty. req. prelim. status report on Bel. |
| JESSICA CLARK — MAR 02 2001 | Rec'd pltf. atty., MRI's completed in Dec., shows a "cavitation" in the spinal cord from T4-5 thru T-9, had an epidural steroid injection on 2/22, still treating. "Cavitation" is a formation of a cavity - a hollow space in an organ or bone. His SSN 020441494-0 matches w/ Child Support Enforcement |

PACE 00365

**FILE DOCUMENTATION**

FILE NUMBER

| DATE | ACTIVITY |
|------|----------|
| JESSICA CLARK  JUN 22 2001 | Rec'd Ravid Demand Packet on #2, to Mike w/ recommended settlement value of $8K |
| JESSICA CLARK  JUN 28 2001 | Per Mike, OK up to $10K, tendering clmt. Ran SSN, ✓ clear |
| | ~~INDEXED~~   LESLIE MARIANO   JUL 03 2001 |
| JESSICA CLARK  JUL 06 2001 | Clmt, 1 prior ax w/index 5/4/99, index states "No visible injury" PIC to atty. John Keenan, clmt insd. w/Metropolitan, LSB1988738DB, Jaime Rianke 800-854-6011 x3065, they pd. $2K, hlth. plan carrier has pd. rest, he will get me doc. of amt. of lien, he will take care of the lien. Offer $7000 plus specials, he will also client & clb |
| JESSICA CLARK  AUG 09 2001 | ltr. from clmt. atty. refusing our offer of $7,000. STW Mr. Keenan, they are demanded $40K, advised they may want to litigate if he can't move. any further b/c our authority is much ↓ than $40K, advised we can offer $8K + specials, we have doc. of $5700 in meds, he clms. there are over $10K in meds & will find complete meds upon receipt, call him back w/ a total offer incl. of meds |

PACE 00366

**.E DOCUMENTATION**

**·ILE NUMBER**

| DATE | ACTIVITY |
|---|---|
| JESSICA GLM. SEP 26 2001 | Rec'd subm. demand from adv. carrier. Hr. req. proofs + delaying pmt. blc. BI pending. Rec'd updated med packet on clmt. Hr. back advisng some meds missing from med packet, req. those bills + reports |
| | Return message to atty. John Keenan - not available - L/M w/ secretary  PAM BRAUD NOV 0 8 2001 |
| | R/R letter from atty. Keenan - demand is $40,000.00 including medical bills. O/C to Met Life - adjuster Anita Webster  PAM BRAUD NOV 0 8 2001 |
| | Reviewed file - clmt. did have FST - previous adjuster's last offer was $12,700.00 inclusive of medicals - Met Life paid $2,350.40 O/C to Met Life - new adjuster is Paul Jennings - L/M - need to find out if they denied any of the medicals  inquiry  PAM BRAUD NOV 0 8 2001   LESLIE ??? FEB 0 8 2002 |
| | R/R letter from atty. requesting offer - letter advising $12,700.00 inclusive of medicals  PAM BRAUD FEB 2 7 2002 |

OCUMENTATION
NUMBER

ACET-J-20-09__    March Safi

| DATE | ACTIVITY |
|------|----------|
| | no S.S. match.     PAM BRAUD FEB 2 5 2002 |
| | insd. has 100,000 CSL |
| | Probable liability but damages are questionable |
| | we have offered 1500 ~~~~ |
| | MAR BRAUD ~~~ 1 ~~~2002 |
| | Rec file from Paul w/ D.A. 9/13/02 corr. Per Paul's inst. fwd & mld reg doc to D.A. TKT Randy Kaufman / Stone for copy of dec page. U.m/o/u/m.     KIMBERLY GILL SEP 2 0 2002 |
| | Rec dec page from Randy / Stone - fwd same to D.A.     KIMBERLY GILL SEP 2 0 2002 |
| | v/m/E Stephanie / D.A. - rec'd our faxes.     KIMBERLY GILL SEP 2 0 2002 |
| | Rec file w/ 9/30 & 10/18 corr from The Rawlings Co. They rep Guardian Ins. - lien of $6891.83. Fwd & mld ack'l response. |
| | Rec 9/12, 10/3, & 10/15 corr from W.D. Callery. Sw Stephanie gave file #s available for Eric Coleman & Bob Witers / March Safi. Ack of our most recent offer of $17,500 & counter-demand of $30,000.00. Limits depo is scheduled for Fri 11/8.     KIMBERLY GILL NOV 0 5 2002 |

**FILE DOCUMENTATION**

FILE NUMBER

CET-J-20-09008

| DATE | ACTIVITY |
|------|----------|
| | Rec. P.A. 10/21/02 Counter-demand of $32,000.00. Will await Summary of depo & revised history from Rawlings before counter is made. |
| | KIMBERLY GILL NOV 05 2002 |
| | Rec req for Status from Metlife. Med response. |
| | KIMBERLY GILL JAN 24 2003 |
| | Rec file from Paul w/ D.A. 3/15/05 Corr. Rev. file. |
| | 4m/o/v/m for Michelle Steele/Stone Ins. 1-800-320-0009 X 253. |
| | 4m/o/v/m for D.A. Gerard Lawrence - why did we not receive pre-trial report, T/c? |
| | KIMBERLY GILL MAR 18 2003 |
| | R/C/F Gerard Lawrence - States he saw Paul day of / day before trial. Final authority of $27,000 was given, if not accepted he was to try case. |
| | V/m/F Michelle/Stone - excess coverage was written through Quaker Specialty Risks. We should contact them for carrier info 1-800-252-8679. |
| | T/c/F Quaker Specialty Risks - 4m/o/v/m for Kathy Cronin. |
| | KIMBERLY GILL MAR 18 2003. |
| | T/c/F Kathy Cronin / Quaker Specialty Risks. Excess carrier was General Star. Pol # IXG 355-719 B 11/1/00 - 11/1/01 Tel # (203) 328-5700 |
| | T/c/F General Star - Financial Center 695 East Main St. Stamford, CT 06904 |
| | KIMBERLY GILL MAR 18 2003 |

**FILE DOCUMENTATION**

FILE NUMBER

| DATE | ACTIVITY |
|------|----------|
| | I/V made a U turn in front of C/V |
| | * 12/15/00 J. Clark called Michelle (Stone ?) Michelle confirmed CSL of $100,000.00 : excess cov- unk carrier or limits. |
| | ✱ P.A. suggested excess carrier be put on notice. |
| | 3/25/02 Mike Walsh wrote to D.A. f/u to fax? Req a copy of the Complaint from D.A.? |
| | 3/19/02 Paul rec'd P.A. 3/11/02 letter w/ copies of Reqs for Defaults |
| | 3/22/02 Mike W. faxes Defaults to D.A. |
| | 4/11/02 Paul rec'd D.A. 3/26/02 ack letter Answers were filed, defendants cannot be removed due to lapse of time & case will remain in District Court. Atty Keenan's demand still $40,000.00 |
| | 4/11/02 Paul made offer of $15,000 to P.A. |
| | 7/31/02 D.A. recs we review hosp. records & take depo of Clmt, possible IME after depo |
| | 9/18/02 Paul made offer of $17,500 to P.A. |
| | 9/20/02 Kim provided D.A. w/ docs to P.A. discovery demands & production of docs |
| | 10/3/02 letter from D.A. Case will likely be assigned for trial @ beginning of new year. Clmt depo scheduled, needs info to reach unsd &/or I/D. |
| | 10/15/02 P.A. has scheduled I/D depo, can't locate. |
| | 10/21/02 letter from P.A. $17,500 rejected. |

PACE 00370

**FILE DOCUMENTATION**

FILE NUMBER

| DATE | ACTIVITY |
|------|----------|
| | 11/25/02 Paul rec'd D.A. 11/4/02 report - Case assigned for trial 2/7/03, D.A. expects trial to begin this date. Clmt. depo on for 11/8/02; IID depo also scheduled, he cannot be located, may be defaulted; D.A. suggests final eval of case after clmt depo |
| | 12/20/02 - Clmt depo taken; IID failed to appear; P.A. demand $32,000; D.A. feels case can settle @ $22,500; trial date approaching. |
| | 1/8/03 - Paul rec'd D.A. 12/26/02 report - duplicate of 12/20/02 report. |
| | 1/10/03 - Paul sent letter to P.A. w/ offer of $20,000. |
| | 1/13/03 - letter from P.A. - will not accept $20,000. |
| | Copied file. TIFFANY RUSHING APR 0 3 2003 |
| | Per Paul, called Steve Kamruff / Ace re liab limits. Sent Dec page to Steve, he will review; C/B. Believes optional liab. is only for a certain class of clmts. — KIMBERLY GILL MAY 0 5 2003 |
| | Called Steve Kamruff / Ace. Limits are separate $100,000 BI & $100,000 PD. Also if optional coverage is chosen - optional limits apply. Return file to Paul. KIMBERLY GILL MAY 0 6 2003 |
| | Per Paul |
| | 1. Req payment of $100,000.00 |
| | 2. Send letter to Menster to req payment of $76,000.00 |

PACE 00371

KIMBERLY GILL MAY 3 0 2003

**FILE DOCUMENTATION**

FILE NUMBER

ET-J-20-09008

| DATE | ACTIVITY |
|------|----------|
| | Fxd letter to Genstar per Paul. |
| | Reg payment of $100,000 to be returned to Paul. |
| | KIMBERLY GILL MAY 06 2003 |
| | Per Paul, Rler Nick Lopanel Genstar |
| | (203) 328-6132. Adv we will pay $100,000, demand |
| | is $176,000.00. Lopane wants to confirm we offered |
| | the $50,000 xcess authority. |
| | Rvw w/ Paul- we did offer the $50,000 |
| | which was rejected. |
| | Called Lopane- Confirmed offer. He has |
| | Contacted P.A. Settled for $170,000.00. Adv our |
| | v/ is being rqstd. |
| | KIMBERLY GILL MAY 07 2003 |

PACE 00372

# EXHIBIT E

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

DISTRICT COURT DEPARTMENT
CLINTON DIVISION
CIVIL ACTION
NO. 0368CV0566

PAUL T. AQUINO                    )
                                  )
VS.                               )        COMPLAINT
                                  )
ACE FIRE UNDERWRITERS             )
INSURANCE COMPANY                 )

1.  Plaintiff is a resident of Worcester, Worcester County, Massachusetts.

2.  Defendant is an insurance company with its home office at 1601 Chestnut Street in Philadelphia, Pennsylvania.

3.  On and before July 12, 2000 March Taxi, Inc. was insured with Defendant for bodily injury liability coverage under a Massachusetts Business Auto Policy.

4.  On July 12, 2000 Plaintiff was severely injured in a motor vehicle accident in Worcester, Masachusetts with a motor vehicle owned by March Taxi, Inc. and insured with Defendant.

5.  After trial in the East Brookfield Division of the District Court Department of the Trial Court of Massachusetts, Plaintiff recovered judgment on February 21, 2003 against March Taxi, Inc. in the sum of $161,125.00 plus interest in the amount of $21,347.96 and costs in the amount of $236.70 for a total judgment of $182,709.66.

6.  Execution in the amount of $184,722.62 issued on March 21, 2003.

7.  Defendant's agent's misrepresentations as to coverage were as follows:
    a) In response to Plaintiff's attorney's request for production of copies of the coverage selections pages of all insurance agreements including umbrella and excess policies, Defendant's agent supplied a coverage page reflecting only $100,000.00 in coverage.

      b)  By letter dated March 12, 2003 Defendant's attorney
represented to Plaintiff's attorney that the coverage was
$100,000.00.

      c)  By letter dated March 26, 2003 Defendant's claim
representative represented to Plaintiff's attorney that the
coverage limit was $100,000.00 with a then current remaining
balance of $95,855.52.

      d)  By letter dated April 9, 2003 Defendant's claim
representative represented to Plaintiff's attorney that there
was $95,855.52 remaining on the policy limit.

      e)  By letter dated April 21, 2003 Defendant's claim
representative represented to Plaintiff's attorney that there
was no separate coverage for property damage liability.

      f)  Defendant's claim representative stated by phone to
Plaintiff's attorney on March 27, 2003 that it was unlikely that
a cab company would have excess coverage.

      8.  In fact, there was an excess policy with General
Star Insurance Company over and above Defendant's $100,000.00
policy and there was separate property damage coverage on
Defendant's policy.

      9.  Misrepresenting pertinent facts or insurance policy
provisions relating to coverages at issue is an unfair claim
settlement practice under M.G.L. c. 176D s. (9)(a) and, there-
fore, a violation of M.G.L. c. 93A.

      10.  On July 21, 2003 Plaintiff's attorney mailed a
letter to Defendant pursuant to M.G.L. c. 93A s. 7 demanding
settlement in the amount of $365,419.32, which is double the
judgment in the underlying civil action, plus attorney's fees
of $60,000.00 (Exhibit 1).

      11.  Defendant has not responded to that demand.

      WHEREFORE, Plaintiff demands judgment against Defendant
as follows:

      1.  For actual damages plus costs.

      2.  In an amount of up to three but not less than two
times the amount of Plaintiff's actual damages if the Court
finds that the use or employment of the act or practice was
a wilful or knowing violation of Section 2 of Chapter 93A,

or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said Section 2 of Chapter 93A.

    3.  For reasonable costs and attorney's fees incurred by the Plaintiff in prosecuting this claim.

By his attorney,

JOHN F. KEENAN
390 Main Street
Worcester, MA 01608
(508) 791-8181
BBO#264000

Dated:

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

DISTRICT COURT DEPARTMENT
CLINTON DIVISION
CIVIL ACTION
NO.    0368CV0577

PAUL T. AQUINO          )
                        )
VS.                     )          COMPLAINT
                        )
PACESETTER ADJUSTMENT   )
COMPANY                 )

    1.  Plaintiff is a resident of Worcester, Worcester County, Massachusetts.

    2.  Defendant is an insurance claim adjuster for Ace Fire Underwriters Insurance Company (hereinafter "Ace") with its main office at 8549 United Plaza Boulevard in Baton Rouge, Louisiana.

    3.  On and before July 12, 2000 March Taxi, Inc. was insured with Ace for bodily injury liability coverage under a Massachusetts Business Auto Policy.

    4.  On July 12, 2000 Plaintiff was severely injured in a motor vehicle accident in Worcester, Massachusetts with a motor vehicle owned by March Taxi, Inc. and insured with Ace.

    5.  After trial in the East Brookfield Division of the District Court Department of the Trial Court of Massachusetts, Plaintiff recovered judgment on February 21, 2003 against March Taxi, Inc. in the sum of $161,125.00 plus interest in the amount of $21,347.96 and costs in the amount of $236.70 for a total judgment of $182,709.66.

    6.  Execution in the amount of $184,722.62 issued on March 21, 2003.

    7.  Defendant's agent's misrepresentations as to coverage were as follows:

    a)  In response to Plaintiff's attorney's request for production of copies of the coverage selections pages of all insurance agreements including umbrella and excess policies, Defendant's agent supplied a coverage page reflecting only $100,000.00 in coverage.

b) By letter dated March 12, 2003 Defendant's attorney represented to Plaintiff's attorney that the coverage was $100,000.00.

c) By letter dated March 26, 2003 Defendant's agent represented to Plaintiff's attorney that the coverage limit was $100,000.00 with a then current remaining balance of $95,855.52.

d) By letter dated April 9, 2003 Defendant's agent represented to Plaintiff's attorney that there was $95,855.52 remaining on the policy limit.

e) By letter dated April 21, 2003 Defendant's agent represented to Plaintiff's attorney that there was no separate coverage for property damage liability.

f) Defendant's agent stated by phone to Plaintiff's attorney on March 27, 2003 that it was unlikely that a cab company would have excess coverage.

8. In fact, there was an excess policy with General Star Insurance Company over and above Defendant's $100,000.00 policy and there was separate property damage coverage on Defendant's policy.

9. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue is an unfair claim settlement practice under M.G.L. c. 176D s. (9)(a) and, therefore, a violation of M.G.L. c. 93A.

10. On July 21, 2003 Plaintiff's attorney mailed a letter to Defendant pursuant to M.G.L. c. 93A s. 7 demanding settlement in the amount of $365,419.32, which is double the judgment in the underlying civil action, plus attorney's fees of $60,000.00 (Exhibit 1).

11. Defendant responded by letter dated August 13, 2003 declining payment (Exhibit 2).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. For actual damages plus costs.

2. In an amount of up to three but not less than two times the amount of Plaintiff's actual damages if the Court finds that the use or employment of the act or practice was a

wilful or knowing violation of Section 2 of Chapter 93A, or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said Section 2 of Chapter 93A.

3. For reasonable costs and attorney's fees incurred by the Plaintiff in prosecuting this claim.

By his attorney,

JOHN F. KEENAN
390 Main Street
Worcester, MA 01608
(508) 791-8181
BBO#264000

Dated:

−3−

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

PAUL T. AQUINO,

              **Plaintiff,**

v.

PACESETTER ADJUSTMENT COMPANY,
ET AL.

              **Defendant.**

CIVIL ACTION NO. 03-40285-FDS

## AFFIDAVIT OF PAUL PEARSON

I, Paul Pearson, upon oath do hereby depose and state as follows:

1.     I am the President of Pacesetter Adjustment Company ("Pacesetter"), and have been so since prior to the dates relating to the allegations contained in the plaintiff's Complaints.

2.     In my capacity as President, I am responsible for, inter alia, the day to day operations of Pacesetter. I had personal involvement in this case. I have personal knowledge of the following.

3.     Ace Fire Underwriters Insurance Company ("Ace") retained Pacesetter, an independent insurance claims adjustor, to handle the plaintiff Aquino's claim on the March Taxi, Inc. insurance policy.

4.     On September 15, 2000, Pacesetter received notice of Aquino's claim against March Taxi, Inc., opened a file, spoke with counsel for the plaintiff, John Keenan, and advised attorney Keenan that it would forward a copy of the declarations page for the applicable insurance policy to him to confirm coverage limits.

5.     Pacesetter and Ace have never had a copy of the excess insurance policy.

35882.2

6.   Neither Pacesetter, nor Ace were involved in the issue or provision of the excess insurance policy.

7.   Pacesetter retained Attorney Gerald Laurence to represent March Taxi, Inc. in the underlying litigation.

8.   On November 3, 2000, Attorney Keenan requested a copy of the policy limits from Pacesetter and Pacesetter, in turn, requested coverage confirmation and a copy of the declarations page for the March Taxi, Inc. insurance policy from Stone Insurance, a general insurance agent.

9.   On December 11, 2000, Pacesetter requested coverage confirmation from Stone Insurance.

10.  On December 12, 2000, Stone Insurance completed a coverage confirmation form at Pacesetter's request, which stated the March Taxi, Inc. insurance policy limit was $100,000.00 CSL and provided the coverage confirmation form to Pacesetter. A true and accurate copy of the coverage confirmation form completed by Stone Insurance is attached as Exhibit A.

11.  The declarations page of the March Taxi, Inc. insurance policy stated "combined single limit" next to both bodily injury and property damage. A true and accurate copy of the declaration page as received by Pacesetter from Stone Insurance is attached as Exhibit B.

12.  On December 13, 2000, Stone Insurance informed Pacesetter that the March Taxi, Inc. insurance policy limit was $100,000.00 combined single limit and that there was excess coverage with unknown limits and an unknown carrier.

13.   Pacesetter believed that the March Taxi, Inc. insurance policy was a combined single limit ("CSL") policy based upon the language of the coverage confirmation form and the declarations page of the March Taxi, Inc. insurance policy.

14.    On December 20, 2000, Pacesetter confirmed the March Taxi, Inc. insurance policy limit in writing to Attorney Keenan.  A true and accurate copy of Pacesetter's December 20, 2000 letter is attached hereto as Exhibit C.

15.   During March, 2003 and April, 2003, Aquino exchanged letters with Pacesetter in an effort to clarify the March Taxi, Inc. insurance policy limit. During that timeframe, Pacesetter requested that Ace investigate the March Taxi, Inc. insurance policy limits and to opine on the coverage.

16.   In early May, 2003, a representative of Ace examined the declaration page and the March Taxi, Inc. insurance policy and informed Pacesetter that there were separate limits for bodily injury and personal property.

17.   The judgment in the underlying matter was in excess of Aquino's counsel and Pacesetter's settlement valuation of the case.  In January, 2002, prior to filing suit against March Taxi, Inc., Aquino's highest settlement demand was $40,000.

18.   Prior to trial, Aquino demanded $32,000 to settle the case and Attorney Keenan, counsel for Aquino, advised Pacesetter that he felt that the case could settle for $22,500.

19.   Pacesetter contributed $100,000.00 under the Bodily Injury limit of the policy. Pacesetter had previously paid $4,144.48 under the property damage portion of the policy.

20.   General Star paid $70,000.00 to Aquino under its excess insurance policy.

21.    The notes attached as Exhibit D are a true and accurate copy of Pacesetter's

Claims Notes relevant to this matter. It was and is the custom and practice of

Pacesetter and its agents to keep such records or Claims Notes in the regular

course of Pacesetter's business.  It is the usual course of business for Pacesetter

and its agents to make entries, in good faith, into the Claims Notes at the time of

the event recorded or within a reasonable time thereafter.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ D A Y

OF MARCH, 2005.

_____
Paul Pearson

35882.2

# EXHIBIT G

1             IN THE UNITED STATES DISTRICT COURT
                        FOR THE
2               DISTRICT OF MASSACHUSETTS

3

4

5    PAUL T. AQUINO,
        Plaintiff
6
     VS.                          C.A. NO. 03-40285FDS
7
     PACESETTER
8    ADJUSTMENT COMPANY,
                Defendant
9
            and
10
     PAUL T. AQUINO
11              Plaintiff

12   VS.                          C.A. NO. 03-40286-FDS

13   ACE FIRE UNDERWRITERS
     INSURANCE COMPANY,
14              Defendant

15

16      DEPOSITION of JOHN F. KEENAN taken at the

17   request of the defendant pursuant to Rule 30 of

18   the Federal Rules of Civil Procedure before

19   Dianne G. Rutan, a notary public in and for

20   the Commonwealth of Massachusetts, on

21   February 1, 2005, commencing at 2:20 P.M. at the

22   offices of Fletcher, Tilton & Whipple, 370 Main

23   Street, Worcester, Massachusetts.

24                                ORIGINAL

1    which, I believe, was the first contact with

2    Pacesetter would be the March 26th letter --

3    March 26, '03 letter from Paul Pearson.

4        Q.    Okay.

5            MR. KIRPALANI:   Mark that, please.

6

7            (Deposition Exhibit No. 3 marked.)

8        Q.    That letter has been marked as

9    Exhibit 3, now, sir?

10       A.    Yes.

11       Q.    Okay.  And did you have a discussion

12   with Mr. Pearson following your receipt of that

13   letter?

14       A.    I did.

15       Q.    And was that a discussion that took

16   place on March 27?

17       A.    Yes.

18       Q.    And is that the one that's referenced

19   in the complaint in the 93A letter?

20       A.    Yes.

21       Q.    And who called who on that day?

22       A.    I don't remember.

23       Q.    Okay.  Can you tell me, as best you

24   can recall what the discussion was?

1        A.    I made a note.  I have a very vague

2   present memory, but I did make a note, "Jessica

3   Clark no longer W slash the co. Nothing in file

4   to ID excess carrier."  I'm paraphrasing what he

5   told me.  "Unlikely cab co. would have excess

6   cov, looking into it.  I told him I would not

7   release the primary coverage.  Suggested he send

8   a check in partial satisfaction of judgment."

9        Q.    Can I see your notes?

10       A.    Yes, sure.  (Document exhibited).

11             MR. KIRPALANI:  Can we mark that.

12

13             (Deposition Exhibit No. 4 marked.)

14       Q.    I'm going to show you what was marked

15   Exhibit 17 in Gerry Laurence's deposition, and

16   it's his ribbon copy, if you will, of a letter

17   March 27, to you.  And I see you have the

18   original.

19        You received that March 27 letter from

20   Mr. Laurence?

21       A.    I did.

22       Q.    Do you know when you received it?

23       A.    No.

24       Q.    Was it faxed or mailed?

# EXHIBIT H

9/24/04

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

PAUL T. AQUINO            )
      Plaintiff        )
                       )
vs.                    )      CIVIL ACTION No. 03-40285-FDS
                       )
PACESETTER ADJUSTMENT COMPANY  )
      Defendant        )

PAUL T. AQUINO            )
      Plaintiff        )
                       )
vs.                    )
                       )
ACE FIRE UNDERWRITERS      )
INSURANCE COMPANY         )
      Defendant        )

PLAINTIFF'S ANSWERS TO DEFENDANT PACESETTER
ADJUSTMENT COMPANY'S INTERROGATORIES

1.    Please identify yourself fully, giving your full name, age,
residential address, business address, and occupation.

ANSWER:    Paul T. Aquino; age 43; 10 Woodman Road, Worcester, MA;
          Seriologicals Corporation, 25 Birch Street, Milford, MA.

2.    Please state in precise detail the nature of the underlying
case including in your answer, all events in detail in the order of
occurrence which allegedly led to the court entering a judgment
in the sum of $182,709.66 as alleged in the plaintiff's Complaint.

ANSWER:    The underlying case involved a claim for damages for
          bodily injuries arising out of a July 12, 2000 motor vehicle
          accident.  After a trial on the merits, the Court
          entered a judgment in my favor in the sum of $182,709.66.

3.    Please state all the facts and evidence that support your
allegation that the defendants made misrepresentations as to
insurance coverage in the underlying case, as alleged in the
plaintiff's Complaint.

ANSWER:    Please refer to the Exhibits attached to Plaintiff's
          Request for Admissions dated March 9, 2004.

4.      Please state all the facts and evidence that support your allegation that the defendants made misrepresentations regarding the existence of excess insurance coverage, as alleged in paragraph 6, subsections (a), (b) and (f) of the plaintiff's Complaint.

ANSWER:    Please refer to the Exhibits attached to Plaintiff's Request for Admissions dated March 9, 2004.

5.      Please state any and all facts, which support the plaintiff's allegation that the alleged misrepresentations is an unfair claim settlement practice under M.G.L. c. 176 §9(a) and, therefore, a violation of M.G.L. c. 93A.

ANSWER:    Please refer to Answers #3 and #4.

6.      Please describe fully and in complete detail all injuries that you claim to have received and/or suffered from as a result of the allegations that are the subject of the plaintiff's Complaint.

ANSWER:    I have been advised that "actual damages" are defined in M.G.L. c.93A as the amount of the judgment in the underlying case referred to in answer #2.

7.      Please state in itemized form all expenses or damages suffered by you or incurred by anyone as a result of the allegations described in the Complaint other than that set forth in the answers to the previous interrogatory.

ANSWER:    None other than legal fees and costs which have not as yet been determined.

8.      Please identify all communications between the plaintiff and/or his agents or representatives and any agent or representative of the defendants regarding the allegations or injuries set forth in the Complaint, including in your answer the date of the communications, whether the communications were written or oral, and the substance of the communications.

ANSWER:    Please refer to the Exhibits attached to the Plaintiff's Request for Admissions dated March 9, 2004.

9.      Please state the full name and last known address giving the street, number, city and state, of any person who has any knowledge of any facts pertaining to the allegations contained in the plaintiff's Complaint.

ANSWER:   Jessica Clark and Paul E. Pearson of Defendant
          Pacesetter Adjustment Company, 3636 S. Sherwood Forest
          Blvd., Baton Rouge,LA and Attorney Gerard R. Laurence,
          100 Front Street, Worcester, MA.

10.   As to each expert witness that you intend to consult
with and/or call at trial state:
          a) The expert's name and address;
          b) The subject matter on which the expert is expected to
testify;
          c) The substance of the facts to which the expert is
expected to testify;
          d) The substance of the opinions that the expert is
expected to express; and
          e) A summary of the grounds for all such opinions.

ANSWER:   No decision has been made as yet with regards to
          expert witnesses.


          Signed under the pains and penalties of perjury this

_____ 24 _____ day of September _____, 2004.



                    Paul T. Aquino

# EXHIBIT I

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment to me of the sum of One Hundred Seventy Thousand and 00/100 ($170,000.00) Dollars and other good and valuable consideration, I, being of lawful age, have released and discharged, and by these presents do for myself, my heirs, executors, administrators and assigns, release, acquit, and forever discharge March Taxi Inc. and Eric Coleman of and from any and all actions, causes of action, claims or demands for damages, costs, loss of use, loss of services, expenses, compensation, consequential damage or any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from an occurrence or accident that happened on or about the 12th day of July, 2000, at or near Worcester, Massachusetts.

This release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this release are contractual and not a mere recital.

I further state that I have carefully read the foregoing release and know the contents thereof, and I sign the same as my own free act.

WITNESS my hand and seal this____9th____day of May, 2003.

_____        _____
Witness    John F. Keenan            Paul T. Aquino

**PACE 00063**