UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. AQUINO,<br>               Plaintiff,<br>v.<br>PACESETTER ADJUSTMENT COMPANY, ET AL.<br>               Defendants. | CIVIL ACTION NO. 03-40285-FDS |

**CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF THE DEFENDANTS', PACESETTER ADJUSTMENT COMPANY AND ACE FIRE UNDERWRITERS INSURANCE COMPANY, MOTION FOR SUMMARY JUDGMENT**

### I.    INTRODUCTION

Now come the defendants, Pacesetter Adjustment Company ("Pacesetter") and Ace Fire Underwriters Insurance Company ("Ace") and hereby submit this statement of material facts of record as to which there is no genuine issue to be tried in support of their motion for summary judgment.

### II.    CONCISE STATEMENT OF MATERIAL FACTS

1. On July 12, 2000, the plaintiff, Paul T. Aquino ("Aquino" or "plaintiff") was allegedly injured in a motor vehicle accident in Worcester, Massachusetts while riding as a passenger in a motor vehicle owned by March Taxi, Inc., and insured by Ace. [See Complaints, ¶4, attached as Exhibit E].

2. On September 15, 2000, Pacesetter received notice of Aquino's claim against March Taxi, Inc., opened a file, spoke with counsel for the plaintiff, John Keenan, and advised Attorney Keenan that it would forward a copy of the declarations page for the applicable insurance policy to him to confirm coverage limits. [See Affidavit of Paul Pearson, attached as Exhibit F, ¶4].

36200.1

3. Ace retained Pacesetter, an independent insurance claims adjustor, to handle Aquino's claim. [Exhibit F, ¶ 3 ].

4. In turn, Pacesetter retained Attorney Gerald Laurence to represent March Taxi, Inc. in the underlying litigation. [Exhibit F, ¶ 7].

5. After trial in the East Brookfield Division of the District Court Department of the Trial Court of Massachusetts, Plaintiff recovered judgment on February 21, 2003 against March Taxi, Inc. in the unexpected sum of $161,125.00, plus interest in the amount of $21,347.96 and costs in the amount of $236.70 for a total judgment of $182,709.66. [Exhibit E, ¶5].

6. Aquino accepted $170,000.00 in settlement of his claim against March Taxi, Inc. [See Release, attached hereto as Exhibit I].

7. Pacesetter contributed $100,000.00 under the Bodily Injury limit of the March Taxi, Inc. policy. Pacesetter had previously paid $4,144.48 under the property damage portion of the policy. [Exhibit F, ¶ 19].

8. An excess carrier, General Star, negotiated directly with Attorney Keenan, counsel for Aquino, and contributed $70,000.00 toward settlement. [See Claims Notes, 5/7/03, attached hereto as Exhibit D and Exhibit F, ¶ 20].

9. On November 13, 2003, Aquino filed suit in the Clinton District Court against Pacesetter and Ace alleging violations of M.G.L. c. 176D and M.G.L. c. 93A, and that he is entitled to multiplication of the underlying judgment. The defendants removed the cases to this Court, which subsequently consolidated the two actions. [Exhibit E].

10. Aquino claimed that agents of both Pacesetter and Ace misrepresented the March Taxi, Inc. insurance policy limits and misrepresented the existence of excess insurance coverage. [Exhibit E, ¶7].

11. Aquino claims that the defendants violated M.G.L. c. 176D §3 (9)(a) when an agent of the defendants made the following misrepresentations regarding the March Taxi, Inc. insurance policy limit:

   a) In response to Plaintiff's attorney's request for production of copies of the coverage selections pages of all insurance agreements including the umbrella and excess policies, Defendant's agent supplied a coverage page reflecting only $100,000.00 in coverage.

   b) By letter dated March 12, 2003 Defendant's attorney represented to Plaintiff's attorney that the coverage was $100,000.00.

   c) By letter dated March 26, 2003 Defendant's agent represented to Plaintiff's attorney that the coverage limit was $100,00.00 with a then current remaining balance of $95,855.52.

   d) By letter dated April 9, 2003 Defendant's agent represented to Plaintiff's attorney that there was $95,855.52 remaining on the policy limit.

   e) By letter dated April 21, 2003 Defendant's agent represented to Plaintiff's that there was no separate coverage for property damage liability.

   f) Defendant's agent stated by phone to plaintiff's attorney on March 23, 2003 that it was unlikely that a cab company would have excess coverage.

   [Exhibit E, ¶7.].

12. The plaintiff's complaints against the defendants lacks any claim of injury resulting from the defendants' behavior described in the plaintiff's complaints. [Exhibit E].

13. Additionally, in response to the defendants' request for a description of all injuries that the plaintiff claimed to have received and/or suffered as a result of the allegations made in the plaintiff's Complaint, the plaintiff answered "I have been advised that "actual damages" are defined in M.G.L. c. 93A as the amount of the judgment in the underlying case..." [See Plaintiff's Answers to Defendant Pacesetter Adjustment Company's Interrogatories, No. 6, attached as Exhibit H].

36200.1

14. Ace made no representations to the plaintiff whatsoever, as the plaintiff's claim was processed exclusively by Pacesetter. [Exhibit F, ¶ 3].

15. Pacesetter and Ace have never had a copy of the excess insurance policy. [Exhibit F, ¶ 5].

16. Neither Pacesetter, nor Ace were involved in the issuance or provision of the excess insurance policy. [Exhibit F, ¶ 6].

17. Pacesetter believed that the March Taxi, Inc. insurance policy was a combined single limit ("CSL") policy based upon the language of the declarations page and the coverage confirmation form provided by Stone Insurance. [See Exhibit F, ¶ 13].

18. The declaration page of the March Taxi, Inc. policy stated "combined single limit" next to both bodily injury and property damage. [See Declaration Page, attached hereto as Exhibit B. See also Exhibit F, ¶ 11].

19. On November 3, 2000, Attorney Keenan requested a copy of the policy limits from Pacesetter and Pacesetter, in turn, requested coverage confirmation and a copy of the declarations page for the March Taxi, Inc. insurance policy from Stone Insurance, a general insurance agent. [Exhibit F, ¶ 8].

20. On December 11, 2000, Pacesetter requested coverage confirmation from Stone Insurance. [Exhibit F, ¶ 9].

21. On December 12, 2000, Stone Insurance completed a coverage confirmation form at Pacesetter's request, which stated the March Taxi, Inc. insurance policy limit was $100,000.00 CSL and provided the coverage confirmation form to Pacesetter. [Exhibit F, ¶ 10 and Exhibit A].

22. On December 13, 2000, Stone Insurance informed Pacesetter that the March Taxi, Inc. insurance policy limit was $100,000.00 combined single limit and that there was excess coverage with unknown limits and an unknown carrier. [Exhibit F, ¶12].

23. On December 20, 2000, Pacesetter confirmed the March Taxi, Inc. insurance policy limit and that there was excess coverage with unknown limits and an unknown carrier in writing to Attorney Keenan. [Exhibit F, ¶ 14 and Exhibit C].

24. The judgment in the underlying matter was in excess of both Aquino's counsel and Pacesetter's settlement valuation of the case. In January, 2002, prior to filing suit against March Taxi, Inc, Aquino's highest settlement demand was $40,000. [Exhibit D, 4/11/02. and Exhibit F, ¶ 17].

25. Prior to trial, Aquino demanded $32,000 to settle the case and Attorney Keenan, counsel for Aquino, advised Pacesetter that he felt that the case could settle for $22,500. [Exhibit D, 12/20/02 and Exhibit F, ¶ 18].

26. Aquino exchanged letters with Pacesetter in an effort to clarify the March Taxi, Inc. insurance policy limit in March, 2003 and April, 2003. During that timeframe, Pacesetter requested that Ace investigate the March Taxi, Inc. insurance policy limits and to opine on the coverage. [Exhibit F, ¶ 15].

27. In early May, 2003, an underwriter from Ace examined the declaration page and the policy and opined that there were separate limits for bodily injury and personal property. [Exhibit F, ¶ 16]

28. Once Pacesetter received this information, it paid the plaintiff $100,000 under the Bodily Injury limit of the policy. [Exhibit F, ¶ 19].

29. Aquino claims that the defendants, through their agents, misrepresented the existence of excess insurance coverage carried by March Taxi, Inc. [Exhibit E, ¶ 7(a) and (f)].

30. More specifically, Aquino claims that, on March 27, 2003, Paul Pearson ("Pearson"), President of Pacesetter, told his counsel that it was unlikely that a cab company would have excess coverage. [See Exhibit E, ¶7(f)].

31. At deposition, Attorney Keenan testified that he spoke with Pearson and recorded the conversation as follows: "Jessica Clark no longer W slash the co. Nothing in file to ID excess carrier....Unlikely cab co. would have excess cov, looking into it." [See Deposition of John Keenan, p. 9, lines 1-8, attached as Exhibit G].

Respectfully Submitted,
Ace Fire Underwriters Insurance Company and
Pacesetter Adjustment Company,
By their attorneys,

___/s/ Geoffrey M. Coan___
Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110
(617) 422-5300

36200.1