UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL T. AQUINO, | Plaintiff | |
| VS. | | |
| PACESETTER ADJUSTMENT COMPANY, et al | Defendant | |

CIVIL ACTION NO. 03-40285-FDS

## PLAINTIFF'S RESPONSE TO DEFENDANTS' CONCISE STATEMENT OF MATERIAL FACTS

1.    The plaintiff, Paul T. Aquino, admits that on July 12, 2000 in Worcester, MA he was injured when a motor vehicle owned by March Taxi, Inc. collided with a vehicle operated by the plaintiff. The March Taxi, Inc. cab was insured by Ace and by General Star Insurance Company.

2.    Based on the Pacesetter documents it appears that CIGNA received notice of the claim on July 17, 2000, and its subsidiary Ace received a copy of the same notice on July 25, 2000. It is clear that Pacesetter received notice of the claim no later than September 15, 2000.

3.    Ace retained Pacesetter to handle the claim. Whether Pacesetter is an independent insurance claims adjuster is opaque to the plaintiff.

4.    Agreed.

5.    Agreed except for the word "unexpected" which is subjective.

6.    Aquino accepted $170,000.00 after the judgment entered and in exchange released March Taxi, Inc. from all claims.

7.    Agreed.

8.    Agreed that the excess carrier, General Star, negotiated directly with Attorney Keenan and contributed $70,000.00 of the $170,000.00 total.

9.    Agreed.

10.    Agreed.

11.    Agreed.

12.    The plaintiff's complaints speak for themselves.

13.    Agreed.

14.    In Pacesetter's letter of April 21, 2003, Pacesetter stated that Pacesetter had again checked the coverage. Agreed that the other representations were by Pacesetter.

15.    Unknown.

16.    Unknown.

17.    The language on the declarations page indicates a combined single limits coverage for optional bodily injury and separate combined single limits coverage for property damage.

18.    Agreed, but the coverages were set forth as separate coverages.

19.    Agreed that Attorney Keenan requested coverage limits on several occasions in 2000. Beyond that, unknown.

20.    Unknown.

21.    Unknown.

22.    Unknown.

23.    The December 20, 2000 letter speaks for itself.

24.    Agreed that pre-trial demands were within the $100,000.00 limits.

25.    Agreed.

G:\D\DQM\Aquino, Paul\Pltf's resp to concise statement.doc

26.     The correspondence of March and April 2003 speaks for itself. Otherwise unknown and unreflected by the documents produced by the defendants.

27.     Unknown.

28.     Agreed that pacesetter paid $100,000.00 under the bodily injury coverage.

29.     Agreed.

30.     Agreed.

31.     Agreed.

_____
Douglas Q. Meystre, Esquire
BBO #344740
Fletcher, Tilton & Whipple, P.C.
370 Main Street
Worcester, Massachusetts 01608
508-798-8621

## CERTIFICATE OF SERVICE

I, Douglas Q. Meystre, Esquire, hereby certify that on **April 13, 2005**, I served the foregoing upon the defendants by mailing a copy, first class mail, postage prepaid, to:

Maynard M. Kirpalani, Esq.
Wilson, Elser, Moskowitz,
    Edelman & Dicker, LLP
155 Federal St.
Boston, MA 02110

John F. Keenan, Esq.
Wolfson, Keenan, Cotton & Meagher
390 Main St., Suite 1000
Worcester, MA 01608

_____
Douglas Q. Meystre