UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. AQUINO,          Plaintiff | |
| VS. | CIVIL ACTION NO. 03-40285-FDS |
| PACESETTER ADJUSTMENT COMPANY, et al          Defendant | |

## PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS

1.      On July 12, 2000 the plaintiff, Paul T. Aquino, (Mr. Aquino) was involved in a motor vehicle accident.  The other vehicle was operated by Eric Coleman and was owned by March Taxi, Inc.  According to Eric Coleman's Operator's Report of Motor Vehicle Accident, the taxi cab he was operating was insured by "Cigna Fire Underwriter."  See Exhibit 1, Eric Coleman's Operator's Report of Motor Vehicle Accident.

2.      After the July 12, 2000 motor vehicle accident Mr. Aquino retained John F. Keenan, Jr. (Attorney Keenan) to represent him with reference to claims for personal injuries he had sustained in the July 12, 2000 accident.  See Exhibit 2.

3.      By letter dated July 14, 2000, Attorney Keenan sent a letter of representation to CIGNA.  See Exhibit 2.  In the letter Attorney Keenan made a statutory demand for coverage disclosure.  The letter appears to have been received by CIGNA on July 17, 2000 and was received by the ACE/ESIS Atlanta Claims Office on July 25, 2000.  See Exhibit 2.

4.      By letter dated August 11, 2000, Attorney Keenan wrote to ACE USA making request under Massachusetts General Laws Chapter 175, Section 112C for

disclosure of the amount of the limits of ACE's insured's liability coverage, including excess and umbrella liability coverages with ACE or any other company. See Exhibit 3.

5.      By letter dated September 15, 2000, Pacesetter Adjustment Company (Pacesetter) acknowledged receipt of Attorney Keenan's letter of representation. Pacesetter informed Attorney Keenan that "We have requested our insured's DEC Page in order that we may confirm the available coverages as well as the limits of liability. We will forward a copy to your office upon receipt." See Exhibit 4.

6.      By letter to Pacesetter dated October 19, 2000, Attorney Keenan enclosed a copy of his August 11, 2000 statutory request for coverage disclosure and asked Pacesetter to furnish the coverage information at Pacesetter's early convenience. See Exhibit 5.

7.      By letter to Pacesetter dated November 29, 2000, Attorney Keenan again enclosed a copy of his August 11, 2000 statutory request for coverage disclosure and stated he had not received the requested information. See Exhibit 6.

8.      By document dated December 11, 2000, Pacesetter sought coverage confirmation from Stone Insurance concerning the March Taxi vehicle that was involved in the July 12, 2000 accident. See Exhibit 7.

9.      By letter to Attorney Keenan dated December 20, 2000, Pacesetter documented a conversation with Attorney Keenan dated December 13, 2000 wherein Pacesetter had advised Attorney Keenan that the March Taxi policy had combined single liability limit of $100,000.00 and that there was also an excess policy with another carrier. See Exhibit 8. Attorney Keenan's notes of the December 13, 2000 conversation

indicate that he suggested that Pacesetter notify the excess carrier due to a positive MRI. See Exhibit 9.

10.     The Pacesetter file contains a completed copy of the December 11, 2000 document (Exhibit 7) with indication that it was faxed to Pacesetter by Stone Agency Marketing on December 29, 2000.  See Exhibit 10.

11.     In January 2002, Attorney Keenan prepared and filed a Complaint on behalf of Mr. Aquino in the East Brookfield Division of the District Court Department of the Trial Court of the Commonwealth of Massachusetts.  See Exhibit 11.  On January 18, 2002 Attorney Keenan served Plaintiff's Request for Production of Documents to the Defendants.  See Exhibit 12.  In paragraph 1 of the Request, Attorney Keenan asked that the defendants produce "Copies of the coverage selections pages of all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including so-called umbrella and excess policies."  See Exhibit 12.

12.     On March 11, 2002 Attorney Keenan filed Requests for Defaults against Eric Coleman and March Taxi, Inc. for their failure to file and serve Answers to the Complaint.  See Exhibit 13.

13.     On March 24, 2004 Gerard R. Laurence, Esq. of Milton, Laurence & Dixon (Attorney Laurence) filed Answers on behalf of both March Taxi, Inc. and Eric Coleman.  See Exhibit 14.

14.     By letter dated September 6, 2002, Attorney Laurence's office wrote

Paul Pearson (Mr. Pearson) of Pacesetter concerning Requests for Production of

Documents that the plaintiff had propounded to the defendants.  Pacesetter was informed

that the plaintiff had requested the "policy declaration page."  See Exhibit 15.

15.     By letter dated September 12, 2002, Attorney Laurence's office again

asked Mr. Pearson at Pacesetter to forward the documents requested in their

September 6, 2002 letter by a September 20, 2002 deadline.  See Exhibit 16.

16.     By letter dated September 20, 2002, Pacesetter sent to Attorney Laurence's

office the documents that had been requested by Attorney Laurence's office in the

September 6, 2000 letter (Exhibit 14) except for the Dec. page.  Pacesetter sent a copy of

the "coverage confirmation indicating the policy limits" (Exhibit 10).  Pacesetter said that

it has requested a Dec. page and that it would request this from the underwriting

department on a "rush" basis.  See Exhibit 17.

17.     By fax dated September 20, 2002 from Randy Kaufman of Stone

Insurance Agency to Pacesetter, Pacesetter received the Ace Fire Underwriters Insurance

Co. (Ace) Declarations page for March Taxi, Inc. and other policy documents.  See

Exhibit 18.  The Declarations showed Optional Bodily Injury coverage of $100,000

combined single limit.  The Declarations showed separate property damage coverage of

$100,000 combined single limit.  See Exhibit 18.

18.     By letter to Attorney Laurence's office dated September 20, 2002,

Pacesetter faxed to Attorney Laurence's office a copy of the Dec. page for March Taxi's

policy with Ace.  See Exhibit 19.

19.    The Aquino claim against March Taxi, Inc. and Eric Coleman did not settle prior to trial. After trial before Charles A. Abdella, First Justice of the East Brookfield District Court, Judge Abdella wrote Findings, Rulings and Judgment dated February 21, 2003. See Exhibit 20.

20.    On February 21, 2003, Judgment entered that "the plaintiff, Paul T. Aquino, recover of the defendants, March Taxi, Inc. and Eric Coleman, the sum of $161,125.00, with interest from as provided by law in the amount of $21,347.96, with costs in the amount of $236.70." See Exhibit 21.

21.    By letter dated March 12, 2003, Attorney Laurence informed Mr. Pearson and Pacesetter that the Court had found for the plaintiff in the amount of $161,125.00 and that judgment, including interest and costs was in the amount of $182,709.66. Attorney Laurence, based on his understanding that coverage was $100,000.00, informed Mr. Pearson that if the $100,000.00 policy was all that was available to March Taxi, Inc. and Eric Coleman, Attorney Keenan had said he would need to obtain the full policy. Attorney Laurence advised Pacesetter to settle the claim for $100,000.00 and obtain a release for the defendants. See Exhibit 22. See also Exhibit 23, Attorney Laurence's March 12, 2003 letter to Attorney Keenan.

22.    A letter dated March 13, 2000 from Attorney Laurence to Mr. Pearson indicates that after Attorney Laurence wrote his letter of March 12, 2000, Attorney Keenan contacted Attorney Laurence regarding the issue of potential excess coverage. See Exhibit 24. Attorney Keenan faxed Mr. Laurence a copy of Pacesetter's December 26, 2000 letter (Exhibit 8) which Mr. Laurence had not had in his file. Attorney Laurence enclosed a copy of the December 20, 2000 letter with his March 13, 2003 letter

and asked Pacesetter to advise as to whether there was in fact other coverage available to the defendants for the adverse finding. See Exhibit 24.

23.    By another letter dated March 13, 2003, Attorney Laurence informed Pacesetter that it was his opinion that there was no appealable issue in the case and unfortunately the finding and judgment remain a valid one. See Exhibit 25. As far as the excess carrier being involved, Attorney Laurence informed Pacesetter that until he received a copy of Pacesetter's December 20, 2000 letter from Attorney Keenan the prior week, Pacesetter had only informed Attorney Laurence that the coverage available to March Taxi and Mr. Coleman was the $100,000.00 police with Ace Fire Underwriters. See Exhibit 25.

24.    By letter dated March 21, 2003 to Attorney Laurence from Pacesetter's president, Mr. Pearson, informed Attorney Laurence "It will now be necessary that we notify the Excess Carrier of this unbelievable judgment." (emphasis added) See Exhibit 26.

25.    Despite Mr. Pearson's knowledge of Pacesetter's letter of December 20, 2000 and despite his statement to Attorney Laurence in his letter dated March 21, 2003 and despite the presence of the Ace declarations page in Pacesetter's file clearly indicating that there were separate $100,000 coverages for optional bodily injury and for property damage, Mr. Pearson wrote a letter on March 26, 2003 stating, "We have a $100,000 CSL limit of coverage provided to the named insured, March Taxi. We previously paid property damage to your client totaling $4,144.48. We have $95,855.52 remaining on the policy limit which we offer in full and final settlement of all claims." See Exhibit 27.

26.    The next day on March 27, 2003 Attorney Keenan spoke with Mr. Pearson. Six days after Mr. Pearson wrote to Attorney Laurence that it would now be necessary for Pacesetter to notify the excess carrier of the judgment, Mr. Pearson told Mr. Keenan that it was unlikely a cab company would have excess coverage. See Exhibit 28.

27.    On the same day that Mr. Pearson was telling Mr. Keenan that it was unlikely a cab company would have excess coverage, Attorney Laurence wrote Mr. Keenan that "there does appear to be an excess insurer involve din the case and... that Pacesetter is getting in contact with them in order to advise them as to what transpired in this case." See Exhibit 29.

28.    On March 31, 2003 the Writ of Execution On Money Judgment issued in the total amount of $184,722.62 including post judgment interest of $2,012.96. See Exhibit 30.

29.    On April 3, 2003, Attorney Laurence's office faxed a copy of the execution to Mr. Pearson at pacesetter. See Exhibit 31.

30.    By letter dated April 3, 2003, Mr. Pearson notified the excess insurer, General Star Insurance Company (General Star) of the loss. See Exhibit 32.

31.    By letter dated April 9, 2003, Mr. Pearson again asserted to Mr. Keenan that only $95,855.52 remained on the Ace policy limit. Mr. Pearson offered that amount in partial satisfaction of the judgment. See Exhibit 33.

32.    On April 12, 2003 Attorney Keenan faxed a copy of the Ace declarations page to Mr. Pearson. See Exhibit 34.

33.     On April 16, 2003 General Star faxed Pacesetter up to $50,000 of General

Star money to settle the case on best terms.  See Exhibit 35.

34.     By letter dated April 18, 2003 Attorney Keenan noted to Mr. Pearson that

Ace's declarations page showed separate coverage for property damage and that there

should be no deduction from the $100,000 bodily injury limit due to any previous

property damage payment.  He also noted that the insurer is responsible for

post-judgment interest and demanded a check in the amount of $103,837.69 with no

release language on the check.  See Exhibit 36.

35.     By letter dated April 21, 2003 Mr. Pearson informed Mr. Keenan that

Pacesetter had again checked the coverage and found that this was a $100,000 combined

single limit liability policy with no separate coverage for property damage liability.

Mr. Pearson asked "If we could get $140,000 would that be acceptable to your client in

full settlement of this claim?"  See Exhibit 37.

36.     By letter dated April 23, 2003, Pacesetter provided Attorney Keenan with

the address of General Star.  See Exhibit 38.

37.     By fax transmittal dated May 5, 2003, Pacesetter asked for verification of

compulsory and/or optional coverages.  See Exhibit 39.

38.     By faxed letter dated May 5, 2003, Attorney Keenan communicated to

Pacesetter that his client would accept $176,000.00 and release March Taxi and

Mr. Coleman if the entire $176,000.00 were received on or before May 9, 2003.  See

Exhibit 40.

39.     By faxed letter dated May 6, 2003, Mr. Pearson informed General Star

that Mr. Aquino had agreed to accept $176,000.00 as full and final settlement of his

claim. Pacesetter also informed General Star that Pacesetter was issuing a payment for $100,000.00 from the Ace Fire Underwriters account at that time. Pacesetter recommended that General Star issue payment of $76,000.00. See Exhibit 41.

40.    By letter dated May 7, 2003 General Star confirmed settlement of Mr. Aquino's case for a total sum of $170,000.00 and that Pacesetter would be issuing a settlement check for $100,000.00 and General Star would issue a payment in the amount of $70,000.00. See Exhibit 42.

41.    By letter dated May 9, 2003 Pacesetter transmitted a settlement check in the amount of $100,000.00. See Exhibit 43.

42.    On May 9, 2003 Mr. Aquino signed a Release Of All Claims releasing March Taxi, Inc. and Eric Coleman in consideration of the payment of $170,000.00. See Exhibit 44.

43.    On May 30, 2003 Attorney Keenan endorsed the Execution as satisfied. See Exhibit 45.

44.    By letter dated July 1, 2003 Attorney Keenan sent Pacesetter and Ace demand letters pursuant to Massachusetts General Laws Chapter 93A, Section 9. See plaintiff's Complaint.

45.    By letter dated August 13, 2003 Pacesetter refused to make any offer in response to the July 1, 2003 demand letter. See Exhibit 46.

46.    Attorney Laurence was hired by Pacesetter Adjustment Company to represent Eric Coleman and March Taxi, Inc. Attorney Laurence's services were paid for by Pacesetter. Pacesetter's initial letter of March 25, 2002 to Attorney Laurence indicated there was a $100,000.00 policy. Attorney Laurence had no further communications

concerning coverage from the date of receipt of the March 25, 2002 letter until September 20, 2002. Attorney Laurence's only knowledge about coverage as of September 20, 2002 was as a result of the transmittals from Pacesetter dated March 25, 2002 and September 20, 2002. The only information Attorney Laurence received (other than from Attorney Keenan) was from Pacesetter. Attorney Laurence learned of excess coverage on March 26, 2003 or March 27, 2003. See Exhibit 48, pp. 7, 13, 14, 17-21, 39, 41 and referenced deposition exhibits.

Plaintiff, by his attorney:

Douglas Q. Meystre, Esquire
BBO #344740
Fletcher, Tilton & Whipple, P.C.
370 Main Street
Worcester, Massachusetts 01608
508-798-8621

## CERTIFICATE OF SERVICE

I, Douglas Q. Meystre, Esquire, hereby certify that on **April 13, 2005**, I served the foregoing upon the defendants by mailing a copy, first class mail, postage prepaid, to:

Maynard M. Kirpalani, Esq.
Wilson, Elser, Moskowitz,
    Edelman & Dicker, LLP
155 Federal St.
Boston, MA 02110

John F. Keenan, Esq.
Wolfson, Keenan, Cotton & Meagher
390 Main St., Suite 1000
Worcester, MA 01608

Douglas Q. Meystre